284 P.2d 477

**Maxine D. LINDSAY, Plaintiff and Appellant,**

v.

**ECCLES HOTEL COMPANY, a corporation, doing business under the trade name and style of Hotel Ben Lomond, Defendant and Respondent.**

No. 8251.

Supreme Court of Utah.
May 31, 1955.

Wallace, Adams & Peterson, Ogden, for appellant.

Young, Thatcher & Glasmann, Ogden, for respondent.

HENRIOD, Justice.

Appeal from a judgment by the trial court entered against plaintiff on the grounds that as a matter of law the evidence was insufficient to present a jury question, in a case were defendant was alleged to have been negligent in permitting water to remain on the floor of its establishment. Affirmed. Costs to defendant.

Plaintiff, after dining in defendant's coffee shop, slipped in a small quantity of water which somehow got on the floor

some time after she was seated. Although the evidence indicated that a waitress delivered water in glasses to plaintiff and her companion, there is no evidence as to whether the waitress, the plaintiff, her companion, other patrons or persons spilled the water on the floor, or exactly when it was spilled, or whether the management knew of its existence. In other words, there was no evidence as to how the water got onto the floor, by whom it was deposited, exactly when it arrived there or that the defendant had knowledge of its presence. Under such circumstances, a jury cannot be permitted to speculate that the defendant was negligent. A reading of plaintiff's authority[1] makes obvious the factual differences between that case and its inapplicability to the one here.

Plaintiff further urges that a new trial should have been granted because of newly discovered evidence. Two days before trial, counsel discovered what he claims was a material witness who, at the time, was ill. He did not apprise the court of such facts or request a continuance, assigning as his reason for such failure the fact that the trial judge had theretofore informed the parties that the trial would proceed on the date set without further continuance, and that counsel was satisfied that a request for a continuance would not be honored if made. In such an atmosphere we cannot say the trial court abused its discretion in refusing to grant a new trial under Rule 59(a) (4), Utah Rules of Civil Procedure.

As to other matters raised, we are constrained to conclude that they are also without merit, and a discussion of them here would serve no useful purpose.

McDONOUGH, C. J., and CROCKETT, WADE and WORTHEN, JJ., concur.

---

1. Erickson v. Walgreen Drug Co., Utah 1951, 232 P.2d 210, 31 A.L.R.2d 177.