350 P.2d 151

Benjamin HAMPTON, Plaintiff and Appellant,

v.

Marion H. ROWLEY and Norma Rowley, his wife, dba Rowley Builders Supply, Defendants and Respondents.

No. 9050.

Supreme Court of Utah.

March 21, 1960.

---

3. See Nokes v. Continental Mining & Milling Co., 6 Utah 2d 177, 308 P.2d 954.

King & Hughes Salt Lake City, for appellant.

Hanson, Baldwin & Allen, Salt Lake City, for respondents.

## PER CURIAM.

The plaintiff went to the defendants' place of business, Rowley Builders Supply, on Saturday afternoon to purchase three sacks of cement. Marion Rowley's father, who lives at the premises, advised plaintiff it was closed, but said he could let plaintiff go in to get the cement. The plaintiff proceded to do so and, as he was coming out with one sack, he slipped on the step and fell, spraining his ankle and suffering bruises.

The basis upon which he sought recovery is that there was an unsafe condition on the premises, specifically that: there was a small rock "about the size of his thumb" on the step which caused him to fall. The case was submitted to the jury on the issues of defendants' negligence and the plaintiff's contributory negligence. From adverse jury verdict and judgment entered thereon plaintiff appeals.

The error complained of is that the court erred in instructing the jury that the defendants could not be held responsible unless they either knew, or in the exercise of reasonable care should have known, that the rock was on the step.

It appears that this first step upon which plaintiff fell, is about six inches above the ground level; that extending from it there is a cement "apron" about four feet wide beyond which there is loose gravel. Plaintiff's position is that because the defendants had placed this gravel in the yard, they created the dangerous condition and are charged with knowledge thereof; and accordingly that the instruction was in error. In that connection he cites and re-

lies on the case of De Weese v. J. C. Penney Co., 5 Utah 2d 116, 297 P.2d 898, 65 A.L.R.2d 399. The cases are clearly distinguishable. There the terrazzo surface at the entrance was a part of the permanent structure of the building. The defendant knew that it became slippery when wet and its practice was to place rubber mats at the entrance during storms. The length of time it had been storming was given due consideration and the issue as to whether the defendant knew or reasonably should have known thereof was properly determined.

Here it was not the gravel in the yard which plaintiff claims did him the harm, but a rock which he says had been in some manner, perhaps by an automobile, thrown across the apron and up on to the step. It is obvious, without laboring the point, that the principle set forth in the De Weese case: that the part of the permanent structure of the building was deemed to be known to the defendant, is not applicable here. In regard to a transitory condition of the character here involved, the instruction given is consistent with well established law that in order to find the defendants negligent it must be shown that they either knew, or in the exercise of reasonable care should have known, of any hazardous condition and had a reasonable opportunity to remedy the same. Lindsay v. Eccles Hotel Co., 3 Utah 2d 364, 284 P.2d 477; Lucas v. City of Juneau, D.C., 168 F.Supp. 195, 198.

Affirmed. Costs to defendants.