394 P.2d 77

**Douglas K. HOLLAND, d/b/a American Homes Company, Plaintiff and Respondent,**

v.

**Sandi BROWN, a/k/a Mrs. W. S. Terry, Defendant and Appellant.**

No. 10011.

Supreme Court of Utah.

July 20, 1964.

John Elwood Dennett, Salt Lake City, for appellant.

Allen M. Swan, Salt Lake City, for respondent.

CROCKETT, Justice.

This suit was instituted to enforce a written contract to purchase cookware for $279.-50, and for attorneys' fees. Upon issue joined and trial to a jury, a verdict was rendered in favor of the plaintiff. But it awarded him only nominal damages of $1.00 and $75.00 attorneys' fees. Pursuant to a motion, the district court entered judgment notwithstanding the verdict (n. o. v.), increasing the award of damages to $100.00.

Defendant appeals, contending: that as a matter of law there was no binding contract; that even if there was, plaintiff is entitled only to the nominal damages found by the jury; that the court erred in entering judgment n. o. v.; and that in any event, there is no basis for an award of attorneys' fees.

The evidence is that Douglas K. Holland, d/b/a American Homes Company, operating through salesmen, specializes in selling sets of waterless cookware to young women who are building their trousseaus. A salesman, Merrill Davidson, called upon the defendant Sandi Brown and made his sales presentation, proffering her a set of the cookware to be paid for in monthly payments for a total price of $279.50. Part of the sales inducement was that a 45-piece set of Melmac dinnerware, a 53-piece set of stainless steel tableware, and a coffee percolator would be included as premiums, but only if she signed that day. She stated that she could not then make the required monthly payments of $14.98. Mr. Davidson explained that they could put it on "lay away" for her and that a lower monthly payment could be arranged. Accordingly, one of the company's printed form conditional sales contracts was filled in; the words "lay away" were written in by hand; and the monthly payment was left blank. Miss Brown signed the document and paid $1.09 as "cash deposit." The amount of $5.00 per month was filled in later by Mr. Holland. One week later, the defendant informed plaintiff that she had decided against the deal. The merchandise was never delivered to her and the evidence is that such sets were retained in stock and sold to others for the full price.

Mr. Holland testified that he had purchased all of the merchandise enumerated in the contract from Utah Business Acceptance Corporation, a company which he owned and ran from the same business address as American Homes for $95.00; that this price was marked up to include $50.00 for the salesman's commission, $30.00 for the sales manager's portion and $4.00 freight. These amounts add up to $179.00. Deducted from the purchase price of $279.50, this

would give him $100.50 as his profit, which he claimed as his damages.

*The Contract.*

■ In regard to the dispute over whether there was a binding contract, these observations are pertinent: Where there is a printed form of contract, and other words are inserted, in writing or otherwise, it is to be assumed that they take precedence over the printed matter.[1] As to the term "lay away": When terms used in a contract appear to have a specialized meaning, they must be understood in accordance with the particular connotation they may have acquired in such transactions. The system known as "lay away," sometimes also referred to as "will call," is well known and of common usage. A customer selects merchandise he desires to purchase and pays a deposit on it, which the seller agrees to "lay away" so it will not be sold, and to hold it for some agreed time during which the customer is to call for it and pay the balance.[2] The transaction in essence gives the buyer an option to purchase which he must exercise within a specified time. Under this concept, it will be seen that the term "lay away," hand written on the contract, could be understood as indicating that the contract was not to become binding until and unless the defendant exercised her option, just as she contended. At least it made the contract uncertain. This justified submitting to the jury the question as to whether the parties intended it enter into a final and binding contract of sale. Further, the fact that the jury awarded the plaintiff $1.00 nominal damages and $75.00 attorneys' fees, seems to indicate that the jury believed that they had. Proceeding upon that premise, it is appropriate to address our attention to the question of damages.

*Damages.*

■ In granting judgment n. o. v. the trial court appears to have thought that due to the fact that the jury found a contract; and the further fact that the plaintiff's testimony that he lost $100.00 profit on the transaction[3] was undisputed, they should have awarded him that sum as damages. The difficulty with this is that it is based upon the misconception that the jury was required to believe the plaintiff's testimony. This is not the case. Short of capriciously or arbitrarily rejecting credible evidence when there is no sound reason for doing so, it is the exclusive province of the jury to determine the credibility of witnesses. Where there is any reasonable basis for refusing to believe a witness they are not

1. Restatement, Contracts, Sec. 236(e); 12 Am.Jur., Contracts, Sec. 253, p. 797; 17A C.J.S. Contracts § 310, p. 168; see Sturm v. Boker, 150 U.S. 312, 340–341, 14 S.Ct. 99, 37 L.Ed. 1093 (1893)

2. See Vold, Law of Sales, 2nd Ed., p. 144.
3. As to losses recoverable on incompleted sales, see Stewart v. Hansen, 62 Utah 281, 218 P. 959, 44 A.L.R. 340.

necessarily obliged to accept his testimony.[4] His self-interest may be a sufficient basis for rejecting it; and furthermore, they are entitled to judge the testimony in the light of their experience in the every-day affairs of life. This may well have included some legitimate doubts as to the loss of profits plaintiff claims to have sustained in this transaction. Howsoever they resolved the issue, it is plainly apparent that they were not satisfied by the necessary preponderance of evidence that the plaintiff suffered any actual loss and consequently awarded him damages of only $1.00. Considering all of the attendant factors, this appears to be within the limits of what reasonable minds might conclude under the circumstances.

*The judgment n. o. v.*

In appraising this action of the trial court, it is important to distinguish between the granting of a new trial and the entering of a judgment notwithstanding the verdict. As to the former, the trial court is indeed endowed with a wide latitude of discretion in granting a new trial when he thinks the jury's verdict results in manifest injustice. This power is necessary to fulfill his function of maintaining general supervision over litigation to guard against miscarriages of justice which sometimes occur at the hands of juries. Allowing this broad discretion in the trial court to grant new trials does not deprive the parties of a fair trial by jury, but on the contrary, assures it. However, the granting of a judgment n. o. v. does completely override the jury and their verdict and thus effectively deprives the party of his right to a jury trial. Therefore, this can properly be done only when under the evidence and the law there is no reasonable basis in the evidence, or lack of it, to justify the verdict given.

The court must be particularly cautious in granting a judgment n. o. v. in favor of a plaintiff where the jury is not convinced that he has met his burden of proof as to facts necessary to entitle him to recover. We do not regard the evidence here as compelling a finding of actual damages. Consequently the trial judge transgressed his prerogative in substituting his judgment as to damages for the finding the jury had made thereon.

*Attorneys' fees.*

The plaintiff's right to attorneys' fees must be found, if at all, in the terms of the contract.[5] The only provision therein dealing with that subject is in the paragraph prescribing various dire consequences to be visited upon a defaulting

---

4. See Page v. Federal Security Ins., 8 Utah 2d 226, 322 P.2d 666.

5. Attorneys' fees cannot be awarded in absence of agreement or express authorization by statute. See Hawkins v. Perry, 123 Utah 16, 253 P.2d 372.

purchaser upon the repossession of merchandise. Inasmuch as there was no delivery of merchandise, that provision has no application here, and there is no basis in the contract for awarding attorneys' fees under the facts shown by this evidence.

The judgment notwithstanding the verdict is vacated, and the jury's verdict is reinstated, except as to the award of attorneys' fees, which is stricken. Costs to defendant (appellant).

HENRIOD, C. J., and McDONOUGH, CALLISTER, and WADE, JJ., concur.