431 P.2d 566

**Thelma KOER, Plaintiff and Appellant,**

**v.**

**MAYFAIR MARKETS, dba Grand American Markets, nka Arden Farms Company, Defendant and Respondent.**

**No. 10630.**

Supreme Court of Utah.

Sept. 6, 1967.

J. Royal Andreasen, Salt Lake City, for appellant.

Parsons, Behle, Evans & Latimer, and Robert S. Campbell, George W. Latimer, Salt Lake City, for respondent.

CALLISTER, Justice.

Plaintiff Thelma Koer having received an adverse judgment in the trial court appeals to this court seeking damages resulting from injuries sustained from slipping on a grape present on the terrazzo floor of the defendant Mayfair Market causing her to fall and sustain injuries. She claims that there was sufficient evidence to make out a prima facie case for the jury, and therefore it was error for the trial court, having submitted the case to the jury, to set aside a verdict in her behalf and enter judgment for the defendant notwithstanding the verdict.

The substance of the evidence is this: At 11:30 a.m. on October 22, 1965, the plaintiff entered the defendant's store to purchase some meat. While she was shopping she turned the corner of the aisle leading into the meat section of the store where she slipped on a grape and fell to the floor. The fall resulted in a severe fracture of her forearm resulting in loss of use and much pain and suffering. It was shown at trial that on the morning of the fall, about 8:00 a.m., the floor was cleaned by a company specializing in that kind of work. It was also shown that just before the accident the manager had been called from his office to the cashiers' checkstand, which required him to pass by the place where the fall occurred. There were no eye witnesses as to the fall nor was there any evidence as to how long the grape had been there and who put it there. The store manager testified that from the time he left his office until the time he was notified of the fall at least three minutes had gone by.

At the trial plaintiff contended that the grape must have been on the floor at the time the manager passed by the aisle and therefore he either had actual or constructive notice of the substance in time to remove it or warn the plaintiff. In specific the plaintiff contended the defendant was negligent for the following reasons:

(1) It allowed the slippery substance to remain upon the floor after it had actual or constructive notice.

(2) It failed to warn the plaintiff of its existence when the defendant could, or in the exercise of reasonable care should have determined the existence of the grape.

(3) Defendant was negligent in maintaining the floor in a mottled condition that would camouflage the existence of foreign matter on the floor which made it almost a trap.

The defendant admitted the incident in question but denied that it was negligent in

any of the particulars set forth. The defendant contended that the plaintiff failed to present a case for the jury since there was no showing how long the grape had been on the floor, who put it there, or that it was even present on the floor at the time when the manager passed by three minutes prior to the fall.

At the close of the plaintiff's case, the defendant made a motion for a directed verdict on the ground that the plaintiff had not, as a matter of law established a prima facie case for the jury. The court pursuant to Rule 50(b), Utah Rules of Civil Procedure, took the motion under advisement. The defendant presented its case and after finishing renewed its motion for a directed verdict. The court as before took the motion under advisement and submitted some special interrogatories to the jury pertaining to the issues of negligence, contributory negligence, and damages. The jury in its answers found that the defendant had constructive notice of the foreign matter, the defendant's negligence was the proximate cause of the fall, and the plaintiff was not contributorily negligent. Thereafter pursuant to the defendant's renewed motion for a directed verdict, the trial court set aside the verdict for the plaintiff and entered judgment for the defendant.

The primary issue on this appeal is a claim by the plaintiff that the trial court erred in taking away from the jury the issue of defendant's negligence since there was evidence from which permissible inferences would tend to establish a question of negligence for the jury.

■■ The trial court's action in granting the post-verdict motion pursuant to Rule 50(b), Utah Rules of Civil Procedure, is commonly referred to as one for judgment notwithstanding the verdict. In passing on such a motion the court is governed by the same rules as it is when passing upon a motion for a directed verdict. In other words the trial court can enter the judgment notwithstanding the verdict only for one reason—the absence of any substantial evidence to support the verdict. Holland v. Brown, 15 Utah 2d 422, 394 P.2d 77, 10 A.L.R.3d 449 (1964). In disposing of such a post-verdict motion as well as in directed verdicts, all of the testimony and all reasonable inferences flowing therefrom which tend to prove the plaintiff's case must be accepted as true, and all conflicts and all evidence which tends to disprove it must be disregarded. Boskovich v. Utah Const. Co., 123 Utah 387, 259 P.2d 885 (1953) ; Holland v. Brown, supra.

Therefore, the fundamental issue presented on this appeal is whether the evidence, viewed in the light most favorable to the plaintiff together with all reasonable inferences, was sufficient to submit the case to the jury on the issue of negligence. If it were, then it was error for the trial

court having submitted the issue to the jury to set aside the verdict.

■ It cannot be disputed that a store owner is obligated to exercise ordinary care to keep the premises reasonably safe for the protection of those patronizing his store. The mere proof of injury within a store, however, does not raise, without more evidence, an inference that the defendant had control or any notice of the object causing the injury within the store nor does it presume that he was negligent. It is common knowledge that a store owner is not an insurer of the safety of his customers. De Weese v. J. C. Penney Co., 5 Utah 2d 116, 297 P.2d 898, 65 A.L.R.2d 399 (1956); Lucas v. City of Juneau, D. C., 168 F.Supp. 195 (1958). Therefore, in order to find the defendant negligent it must be shown it knew, or in the exercise of reasonable care should have known, of any hazardous condition and had a reasonable opportunity to remedy the same. Lindsay v. Eccles Hotel Co., 3 Utah 2d 364, 284 P.2d 477 (1955); Hampton v. Rowley Builders Supply, 10 Utah 2d 169, 350 P.2d 151 (1960); Lucas v. City of Juneau, D. C., supra; Sears, Roebuck & Co. v. Barkdoll, 8 Cir., 353 F.2d 101 (1965).

■ In cases such as the present one which involve a loose object causing one to fall, it is important to distinguish between the situation where the object causing the injury was placed on the floor by the employer-store or its employee, or placed there by some third person. If it is established that the object causing the injury was placed there by the former, or that they were aware of its presence, a prima facie case for the jury is established on the issue of negligence. Therefore, in a case like the present one the question of control is the fundamental issue to be determined. However, the plaintiff has not sustained her burden of coming forward with enough evidence to link the store in any way to the presence of the grape on the floor. No evidence was introduced which sheds light on how the grape could possibly have gotten on the floor.

■ In an effort to show that the defendant had constructive notice, the plaintiff argues that the timing involved in the fall compels reasonable minds to infer that the grape was on the floor when the manager passed by and failure to so notice it was negligence. Such an inference is supported, plaintiff contends, by the mere fact that the manager was in the same aisle just a few minutes before the plaintiff fell. Such a tenuous inference is not one which a jury can be allowed to make. We concede that the grape on the floor was a dangerous condition and that the plaintiff slipped and fell by reason of such condition. But we are not able from the evidence to find any support for the further and necessary inference that this condition was caused by an act of the defendant, or that the defendant had actual or construc-

tive knowledge of it. We just cannot ignore the fact that the grape was only seen after the fall occurred. From these circumstances alone a jury would not be justified in inferring that the grape had been there for such a period of time that, had the defendant exercised reasonable care, it should have known of its presence. Furthermore, there was testimony at trial that others were shopping in the aisle. It is quite possible that one of them dropped the grape on the floor after the manager passed by. There may have been any number of reasons, including legitimate preoccupation with other problems than whether there was a grape on the floor, or that other shoppers may have blocked his view, as to why the manager did not see it. It seems unfair to permit even a jury with its admittedly broad prerogatives, to conclude on the one hand that it was the manager's duty and that he must have seen it, but on the other, that it was not the plaintiff's duty and she was excused from doing so. The aisle was next to the meat department which is a relatively clean area and almost 88 feet away from the produce department. In light of those conditions we doubt the store manager could be held with constructive notice. We cannot expect the store or its employees to inspect every inch of the floor each time one passes by especially in an area which is generally quite clean.

We agree that the plaintiff is entitled to all reasonable inferences. However, a mere fall does not prima facie establish a jury question. Without more evidence, such an inference as that the grape was on the floor and, therefore, the employer knew or should have known of its presence is not tenable. The present case is unlike Campbell v. Safeway Stores, Inc., 15 Utah 2d 113, 388 P.2d 409 (1964). In that case the shopper fell over a small box in an aisle of the store. This court in setting aside the judgment notwithstanding the verdict stated:

A more crucial question is whether the evidence will justify a finding that the defendant's servants placed the box there. Defendant is warranted in insisting that *this fact cannot be found from speculation and conjecture,* but there must be a sound basis in the evidence from which it can reasonably be determined that there is a *greater probability* that the box was left there by an employee than otherwise.

Although that case held there was a jury question, it was only because evidence showed a "greater probability" that the box was left there by an employee. There it was shown that the employees would be the only ones likely to have access to or use such a cardboard box. Our case is distinguishable since here it cannot be said

there was a "greater probability" that the grape was on the floor and within view at the time the manager passed by the aisle so that failure to notice it would be negligence.

Plaintiff refers to another Utah case in which a jury question was held to exist merely from the fact that the plaintiff slipped on a terrazzo floor. De Weese v. J. C. Penney Co., 5 Utah 2d 116, 297 P.2d 898, 65 A.L.R.2d 399 (1956). That case is distinguishable from the present one since the object which caused the plaintiff to fall there was the terrazzo entrance which was a permanent part of the building. There the defendant knew it became slippery when it rained. Thus, the issue as to whether the defendant knew or should have known was properly determined. The present case is much different since the plaintiff fell on a grape which may have been put there by anyone. This same comparison was made in Hampton v. Rowley Builders Supply, 10 Utah 2d 169, 350 P.2d 151 (1960), which involved a fall on a rock present on the defendant's steps. In that case the court stated the following:

It is obvious, without laboring the point, that the principle set forth in the De Weese case: that the part of the permanent structure of the building was deemed to be known to the defendant, is not applicable here. In regard to a transitory condition of the character here involved, the instruction given is consistent with well established law that in order to find the defendants negligent it must be shown that they either knew, or in the exercise of reasonable care should have known of any hazardous condition and had a reasonable opportunity to remedy the same.

We feel that the present case is governed by and not unlike Lindsay v. Eccles Hotel Co., 3 Utah 2d 364, 284 P.2d 477 (1955). In that case a coffee shop patron was injured from a fall on water present on the floor. There was no evidence as to how the water got onto the floor, by whom it was deposited, when it arrived there, or that the defendant had any knowledge of its presence. Upon that evidence the court stated:

Under such circumstances a jury cannot be permitted to speculate that the defendant was negligent.

Plaintiff also seeks on this appeal a construction of Sections 21–7–3, U.C.A.1953, and 21–7–4, U.C.A.1953, adjudicating the duty of the clerk to furnish the transcript for an impecunious appellant. We adhere to our policy not to render advisory opinions as to requests irrelevant and immaterial to the issues on appeal.

The reasoning in the Eccles case, and others cited, has full application here. Judgment affirmed. No costs awarded.

CROCKETT, C. J., TUCKETT and HENRIOD, JJ., and ALDON J. ANDERSON, District Judge, concur.

ELLETT, J., being disqualified, does not participate herein.