George A. LONG, Plaintiff and Appellant,

v.

SMITH FOOD KING STORE, a Utah Corporation, and Cream O'Weber Dairy, a Utah Corporation, Defendants and Respondents.

No. 13252.

Supreme Court of Utah.

Oct. 4, 1973.

Pete N. Vlahos of Vlahos & Gale, Ogden, for plaintiff and appellant.

Blaine V. Glasmann, Jr., of Young, Thatcher & Glasmann, Ogden, for Smith Food King Store.

Leonard H. Russon of Hanson, Brandt & Wadsworth, Salt Lake City, for Cream O'Weber Dairy.

CROCKETT, Justice.

Plaintiff, George A. Long, sued for injuries suffered when he slipped and fell on a piece of pumpkin pie on the floor of de-

fendant's store at Washington Terrace in South Ogden. On the basis of the pleadings and depositions, the court granted defendant's motion for summary judgment on the ground that upon the undisputed ·facts the plaintiff could show no basis for recovery. Plaintiff appeals, arguing that there are disputed issues of fact which if resolved in his favor would entitle him to recover.

On the evening of November 26, 1969, the defendant's supermarket was giving away small samples (about one inch square) of pumpkin pie topped with whipped cream, which were supplied by co-defendant, Cream O'Weber Dairy. An employee of the latter, Mrs. Lois Moss, set these samples on a tray and they were given or were available to customers. Plaintiff and his wife were shopping in the store when he slipped and fell on one of these pieces of pie in an aisle seven to ten feet away from the aisle where the samples were. Mrs. Moss states that she kept watch on the floor, but she did not see any pie or cream on it before the accident; and the store manager similarly so stated. There is no evidence that any store employee, or in fact that anyone else, saw anything of that nature on the floor prior to the accident. This includes the statements of both the plaintiff, his wife, and his attorney, that they did not know, nor know of anyone else who knew, that the pie was on the floor, how it got there, or how long it had been there.

■ The granting of defendant's motion for summary judgment was based upon the cases of Howard v. Auerbach Company,[1] Koer v. Mayfair Markets,[2] and Lindsay v. Eccles Hotel Company.[3] The soundness of the basic rules reflected in those cases is not questioned here: that in order to impose liability for an injury resulting from some foreign substance or defective condition it must have existed for such time and manner that in due care the defendant either knew or should have known, and remedied it; and the variant thereof, that if the condition or defect was created by the defendant himself or his agents or employees, the notice requirement does not apply.[4]

Plaintiff argues that this case is distinguishable from those cited above and should not be governed by the stated rules. He asserts that in addition to the question as to defendant's actual or constructive knowledge of the particular piece of pie on the floor, there is to be considered the antecedent condition: that the giving out of these samples of pie in that manner had inherent dangers because of the likelihood of its being dropped on the floor. These facts are pointed out as being significant: this was the day before Thanksgiving and therefore it was to be expected that the store would be filled with shoppers, as it was; that due to the unique character ¯of pumpkin pie with whipped cream, it would be slippery and dangerous if dropped on the floor; and that from the foregoing circumstances it could reasonably be found that the dropping of pie and the injury to customers was something so likely to happen that it should have been foreseen, and that the standard of ordinary and reasonable care would require the defendant to exercise greater precautions than it did to protect its customers.

Plaintiff cites cases of a generally related character in support of his contention, e. g., Rhodes v. El Rancho Markets[5] where the plaintiff slipped on some lettuce. But there it was shown that lettuce was being uncrated all day long and it was common for loose leaves to be on the floor. El Grande Market No. 2 v. McAlpin[6] involved slipping on an apricot pit on a ramp. But there was affirmative testimony that apricot pits had been on the ramp for a substantial time (30 to 40 minutes to

---

1. 20 Utah 2d 355, 437 P.2d 895.
2. 19 Utah 2d 339, 431 P.2d 566.
3. 3 Utah 2d 364, 284 P.2d 477.

4. Koer v. Mayfair Markets, supra, and authorities therein cited.
5. 4 Ariz.App. 183, 418 P.2d 613.
6. 13 Ariz.App. 302, 475 P.2d 961.

three hours). In Mahoney v. J. C. Penney Company [7] the fall was due to the presence of gum on stairway. But it was shown that there was gum on stairway right along, both before and after accident. In Jasko v. Woolworth [8] the facts were closer to our case. Pizza in wax wrappers was sold to be eaten on the premises. But it was shown that there was constant debris therefrom on the floor which was known to the manager.

We acknowledge that the plaintiff's argument as to the law is supported by the cases he cites, and that it is not without merit as applied to appropriate fact situations. But as will be noted from our comments on each of those cases, the critical problem in each of them was as to the notice of the defendant; and that the ruling of the court was based on the premise that there was a reasonable basis in the evidence upon which it could be found that the defendant knew, or in the exercise of due care should have known, that the foreign substance was present for sufficient time that in due care it should have been removed.

Reverting to the instant case in the light of the law as discussed above: notwithstanding the admittedly correct rule requiring the defendant to exercise due care and prudence for the safety of its business invitees, it nevertheless is not an insurer of their safety.[9] It is entitled to have the standard of reasonableness under the circumstances applied to its conduct. In applying that standard to the question as to whether the defendant should have been expected to take further precautions to avoid injury to its customers, it is only fair and proper to make that determination from the standpoint of foresight and not hindsight. If its duty required further safety measures, we are made to wonder what they would be, and how far the defendant would have to go in protecting the customers, both in method and in area. There does not appear to be any reasonable and practical answer to that inquiry.

We reject the contention of the plaintiff that the giving away of samples was not an essential part of the operation of the supermarket and that such a promotional activity should itself impose a duty of extra caution. This is a well known and widely practiced method of merchandising and we see no reason why the same rules should not apply as to the other operations of the market.[10] Neither do we believe that the giving away of samples of pie should be regarded as inherently dangerous. Consequently, we are not persuaded to disagree with the view of the trial court: that plaintiff has not shown any basis upon which it reasonably could be found that defendant was negligent.

Our conclusion on the issue of the primary negligence charged against the defendant makes it unnecessary to comment upon the question of plaintiff's own contributory negligence in failing to make reasonable observation and observe due care for his own safety.

Affirmed. Costs to defendants (respondents).

CALLISTER, C. J., and HENRIOD, ELLETT and TUCKETT, JJ., concur.

7. 71 N.M. 244, 377 P.2d 663 (1963).

8. 177 Colo. 418, 494 P.2d 839.

9. See DeWeese v. J. C. Penney Co., 5 Utah 2d 116, 297 P.2d 898; Erickson v. Walgreen Drug Co., 120 Utah 31, 232 P.2d 210.

10. So commented by Court of Appeals of Ohio, Morgan v. American Meat Co., 37 Ohio Law Abst. 327, 46 N.E.2d 669.