**Jerry WEAVER, dba Realex Realty, Plaintiff and Appellant,**

**v.**

**Lawrence R. MODULA and Lana G. Modula, Defendants and Respondents.**

**No. 14597.**

Supreme Court of Utah.

Nov. 23, 1976.

Stanley M. Smedley, of Bean, Bean, Smedley & Starkweather, Layton, for plaintiff and appellant.

Pete N. Vlahos, of Vlahos & Knowlton, Ogden, for defendants and respondent.

HENRIOD, Chief Justice:

Appeal from a no cause of action judgment in a suit instituted by Weaver, a real estate agent, to recover commissions for services rendered, under the provisions of

a written contract between him and defendants, prospective sellers. Affirmed except as to the award of attorney's fees to defendants, which is reversed. No costs awarded.

The pertinent part of the contract, subject of this litigation, is that the defendants would pay plaintiff a commission "if you find a party who is ready, able and willing to buy . . ." defendants' property.

■ After hearing the facts adduced, having to do with various earnest money and other agreements fashioned between the defendants, as sellers, and Mr. and Mrs. Stephens, as buyers, where some of such facts were presented by way of parol evidence (not objected to) but applying to *their* contract, *not to the agency agreement* between Weaver and the Modulas, the trial judge found and adjudged on evidence which we believe amply supported his pronouncement, that:

> The purchaser was a qualified buyer and under normal circumstances would have been able to finance the purchase. However, under the then existing money situation, there was no money available for a straight mortgage; and the buyer was not *able* to obtain financing,

and that plaintiff was aware of this fact.

The court then adjudged as follows:

> Plaintiff did not perform totally his end of the contract in supplying an able buyer and did not perform his duty of full disclosure to his principal. Plaintiff's failure to discharge his duty owed precludes his right to recovery.

The record clearly indicates that Weaver participated in the various modifications and protractions indulged that ultimately led to an impasse in the negotiations apparently intended, but which failed to reflect that the buyers may have been "willing" but not "ready" or "able" to buy the property, even upon reduced and more favorable terms than originally asked for and agreed to by the sellers.

Without reciting all the facts supporting the lower court, the following are exemplary thereof:

In July, 1974, an Earnest Money Agreement was executed with a $39,900 price tag payable by October 1, 1974, subject to certain conditions; on August 10, 1974, a second agreement was executed, including a concession favorable to the buyers; on August 17, 1974, the buyers approached the sellers with a request for a change favorable to them and the sellers signed a third agreement; later in August, 1974, the buyers talked sellers into letting them move into the home on the assurance that a loan they were negotiating would materialize, and the sellers again made a concession; on August 27, 1974, a Uniform Real Estate contract was executed by the parties in Weaver's presence; the sellers called the buyers numerous times without any satisfactory developments as to time and amount of payments; in the early part of October, 1974, the buyers notified the sellers that they could get but a $31,000 loan; the plaintiff, Weaver, then suggested that the sellers discount the sale $1,500 or more. They received $250 payments in October and November, 1974, in which latter month seller's attorney wrote the buyers and stated that if buyers had not obtained a loan to be applied on the sale, suit would be filed for breach of contract; the parties arrived at an impasse; the sellers returned $1,500 to the buyers by agreement of buyers to vacate the premises, which the latter did, moving to Arizona.

■ Weaver contends that, although no one objected to it, the parol evidence rule was violated principally with respect to the terms of the contract between the buyers and the sellers, not the contract between *him* and the sellers, which latter contract is the only matter before this court, subject to this suit and consequently not germane to such claim of error.

■ The contention that the finding of the trial court with respect to the fiduciary relationship between Weaver and the buy-

ers and/or the sellers, need not be canvassed in light of our decision here since the facts showed inability to purchase on the terms provided.

As to the award of $500 attorney's fees to the *defendants*, it is ordered vacated since it has no express contractual or statutory sanction.[1]

ELLETT, CROCKETT, MAUGHAN and WILKINS, JJ., concur.

1. *Horman v. Lloyd*, 28 Utah 2d 112, 499 P.2d 124 (1972) ; *Holland v. Brown*, 15 Utah 2d 422, 394 P.2d 77 (1964).