Nguyen KIM, Plaintiff and Appellant,

v.

Dr. John F. ANDERSON, Defendant
and Respondent.

No. 16386.

Supreme Court of Utah.

April 3, 1980.

Jack Fairclough of Beasley and Fairclough, Salt Lake City, for plaintiff and appellant.

Tim Dalton Dunn of Hanson, Russon, Hanson & Dunn, Salt Lake City, for defendant and respondent.

CROCKETT, Chief Justice:

Plaintiff Nguyen Kim brought this malpractice action against the defendant Dr. John F. Anderson, alleging that during a root canal operation, the defendant negligently dropped a drill bit down the plaintiff's throat.

After the plaintiff presented his evidence, the trial court granted defendant's motion for a directed verdict on the ground that the plaintiff had not presented any expert testimony as to the required standard of care, nor of the violation thereof.

Plaintiff contends that the evidence was such that lay persons could judge the defendant's misdeed to be a deviation from due care under the circumstances without the need for any expert testimony.

Plaintiff's evidence was that during the performance of the root canal operation on him by the defendant, "I felt something very cool drop in my throat" and that the defendant attempted to retrieve the drill

bit,[1] but could not before the plaintiff had swallowed it. The defendant had the plaintiff cough, but that and other efforts to retrieve the bit were unsuccessful. X-rays taken later that day showed that the bit was in the plaintiff's stomach. Within two weeks it had passed through the plaintiff's system and had been expelled from his body.

In granting the directed verdict, the court stated:

> . . . I don't think there is any such thing as ordinary or common negligence in a situation like this . . . *the only thing that you have proven so far by your witness is that Dr. Anderson dropped the needle and there is nothing negligent in dropping a needle.*

The court further stated:

> . . . there had to be more than just dropping that needle to create a cause of action and it had to be that perhaps the failure to tie a string on that instrument . . . while the patient was in a lying position so that it would fall down his throat, but these things aren't established as the standard of care. . . . *None of these things are established by any expert opinion or testimony and I think your case fails because of that.* [Emphasis added.]

The trial court is correct in its view that ordinarily, expert testimony is necessary as to the standard of skill and care required of a physician because that is usually outside the knowledge and experience of lay persons.[2] However, there is a well-recognized exception to that rule: when the impropriety of treatment complained of is of such a nature that lay persons could judge from common knowledge and experience that such an injury would not happen if there had been proper skill and care, expert testimony is not necessary.[3] Examples of this exception are where medical supplies or equipment are left in the patient.[4] The loss of the drill bit down the plaintiff's throat fits within the pattern of those cases.

In directing a verdict, the trial court should examine the evidence in the light most favorable to the party against whom the motion is made.[5] On appeal, we view the evidence in the same manner[6] and if there is a reasonable basis therein, and the inferences which may be drawn therefrom, which would support a judgment in favor of the losing party below, a judgment based on a directed verdict cannot be sustained.[7]

When the plaintiff's evidence is considered in the light of what has been said above, it is our opinion that it was sufficient to establish a prima facie case that the defendant failed to observe reasonable care under the circumstances. Therefore, the lack of expert testimony was not fatal to the plaintiff's case and the trial court erred in granting the defendant's motion.

That order is vacated and the case is remanded for further proceedings. Costs to plaintiff.

MAUGHAN, WILKINS, HALL and STEWART, JJ., concur.

1. Described as being about one inch in length.

2. *Fredrickson v. Maw*, 119 Utah 385, 227 P.2d 772 (1951); *Marsh v. Pemberton*, 10 Utah 2d 40, 347 P.2d 1108 (1959); *Malmstrom v. Olson*, 16 Utah 2d 316, 400 P.2d 209 (1965). See *Swan v. Lamb*, Utah, 584 P.2d 814 (1978).

3. Id.; Prosser, Law of Torts, sec. 39 (4th Ed. 1971). That other courts have recognized the exception in similar terms, see *Teig v. St. John's Hospital*, 63 Wash.2d 369, 387 P.2d 527 (1964); *Mudd v. Dorr*, Colo.App., 574 P.2d 97 (1977); *Gerety v. Demers*, 92 N.M. 396, 589 P.2d 180 (1978).

4. *Fredrickson v. Maw*, supra, note 2.

5. *Finlayson v. Brady*, 121 Utah 204, 240 P.2d 491 (1952); *Boskovich v. Utah Constr. Co.*, 123 Utah 387, 259 P.2d 885 (1953); *Koer v. Mayfair Markets*, 19 Utah 2d 339, 431 P.2d 566 (1967); *Anderson v. Gribble*, 30 Utah 2d 68, 513 P.2d 432 (1973).

6. *Winters v. W. S. Hatch Co., Inc.*, Utah, 546 P.2d 603 (1973); *McCloud v. Baum*, Utah, 569 P.2d 1125 (1977).

7. *Koer v. Mayfair Markets*, supra, note 9; *McCloud v. Baum*, supra, note 6; *Rasor v. Retail Credit Co.*, 87 Wash.2d 516, 554 P.2d 1041 (1976).