**LITTLE AMERICA REFINING CO.,
Plaintiff and Appellant,**

v.

**Jesse Albert LEYBA, Defendant**

**and**

**Sven Heimberg, Defendant and
Respondent.**

**No. 17331.**

Supreme Court of Utah.

Jan. 7, 1982.

Steven G. Johnson, Salt Lake City, for plaintiff and appellant.

Frank N. Karras, Salt Lake City, for defendant and respondent.

STEWART, Justice:

Plaintiff, Little America Refining Co., appeals a directed verdict at the close of plaintiff's case in favor of defendant Heimberg. A default judgment had earlier been entered against defendant Leyba. On this appeal, plaintiff's sole contention is that there was sufficient evidence of Heimberg's negligence and of proximate cause to require the case to be submitted to the jury.

On April 2, 1979, at approximately 1:00 a.m., Heimberg, accompanied by two other men, drove his pickup north on State Street in Salt Lake City where they encountered a pickup containing Leyba and two others. The vehicles raced their engines, and the occupants exchanged words. As they proceeded north on State Street, Heimberg's passengers threw firecrackers at Leyba's vehicle. At the North Temple intersection, Leyba sped past Heimberg and both proceeded up the hill towards the Capitol. At Third North, Leyba turned right and Heimberg turned left. Leyba turned around, caught up with Heimberg at the corner of Third North and Columbus Street (Main Street), and passed as Heimberg turned right towards Victory Road. Leyba stopped his truck at an angle in the road and Heimberg stopped behind him. Passengers of the Leyba vehicle got out and exchanged words with Heimberg's passengers. James Harris, one of Heimberg's passengers, hit one of Leyba's party, knocking him down. After the fight, an occupant of Leyba's truck told Harris, "Okay, it's okay. You guys can go." Harris returned to the Heimberg vehicle, which was then backed up and driven around Leyba. Neither defendant left his vehicle or exchanged words with any adverse party.

Heimberg proceeded north down Victory Road towards Beck Street. He testified that he was driving at a normal rate of speed. When he was approximately half way down the hill, he noticed a vehicle passing other cars behind him. By the time he reached the bottom of the hill, he realized it was Leyba's truck. Leyba pulled out to the left and his right front bumper struck the left rear of Heimberg's truck, sending it skidding toward the Little America gas station, where it hit a service island, damaging pumps, light fixtures and signs, and causing a fire. Heimberg testified that he did not participate in a race.

Little America introduced evidence from two station attendants who witnessed the collision and the resulting destruction. Both saw the vehicles just seconds before the collision and testified that they thought the two trucks were racing and going faster than normal traffic down the hill.[1] Prior to their seeing the truck, they had heard the unusual loudness of their engines as they descended Victory Road. Testimony also established that the Leyba truck was traveling faster than the Heimberg vehicle.

■ The jury is entrusted to resolve all relevant questions of fact presented to the court. The questions of fact include findings of negligence, apportionment of fault, witness credibility and the weight and inferences to be drawn from the evidence. *Lamkin v. Lynch*, Utah, 600 P.2d 530 (1979); *Kimiko Toma v. Utah Power & Light Co.*, 12 Utah 2d 278, 365 P.2d 788 (1961). A motion for directed verdict will not be sustained if the evidence allows reasonable persons to reach different conclusions on the issues in controversy. *Curtis v. Harmon*

*Electronics, Inc.*, Utah, 575 P.2d 1044 (1978); *McCloud v. Baum*, Utah, 569 P.2d 1125 (1977). Evidence must be reviewed in the light most favorable to the nonmoving party to afford him the benefit of all inferences which the evidence fairly supports. *Curtis v. Harmon Electronics, Inc., supra, Anderson v. Gribble*, 30 Utah 2d 68, 513 P.2d 432 (1973); *Koer v. Mayfair Markets*, 19 Utah 2d 339, 431 P.2d 566 (1967). If reasonable inferences may be drawn from the evidence supporting a judgment for the nonmoving party, the directed verdict motion cannot be sustained. *Kim v. Anderson*, Utah, 610 P.2d 1270 (1980).

■ Plaintiff must, of course, present evidence which reasonable persons could find had established a prima facie case of negligence before the court submits the case to the jury. *Lindsay v. Gibbons and Reed*, 27 Utah 2d 419, 497 P.2d 28 (1972). Little America's negligence claim is based on the theory that the damage resulted from Heimberg racing with Leyba in breach of a statutory prohibition. Racing on public streets and highways violates Utah Code Ann., 1953, § 41–6–51(a), as amended, which states: "No person shall engage in any motor vehicle speed contest or exhibition of speed on a highway . . ."[2] Violation of this statutory provision constitutes prima facie evidence of negligence which is sufficient to establish the element of negligence, unless explained by an excuse or justification. *Thompson v. Ford Motor Company*, 16 Utah 2d 30, 395 P.2d 62 (1964).[3] The cited statute establishes a duty and standard of care required of all drivers. Whether the statutory duty was

---

1. Plaintiff attempted to admit testimony from the two eyewitnesses concerning the speed the vehicles were traveling when the accident occurred. One witness believed the vehicles were traveling 60 miles per hour down the hill. This evidence was objected to and sustained because of improper foundation. The motion was not a motion to strike, but the court and defense counsel probably intended the objection to keep the evidence from the jury. No proper foundation was subsequently laid and testimony of the actual speed of the vehicles was not otherwise established in the record.

2. The comparable Salt Lake City ordinance outlawing racing and exhibitions of speed is § 41–6–119, which states: "No person shall engage in any vehicle speed contest or exhibition, or in any vehicle acceleration contest or exhibition on any street or alley."

3. In *Hall v. Warren*, Utah, 632 P.2d 848 (1981) we noted that violation of a statutory provision is prima facie evidence of negligence in cases dealing with nondangerous instrumentalities, whereas the per se rule applies in cases concerning dangerous instrumentalities.

breached is a jury question to be based on all competent evidence presented.

Whatever we may think the outcome of the case should be, we are obliged to view the evidence in the light most favorable to the nonmoving party. The events preceding the accident could support an inference that Heimberg and Leyba were racing. The parties raced their engines when they first met on State Street; Leyba sped past North Temple and passed Heimberg, only to turn around and catch up with him again. A fight between the occupants of the two vehicles then occurred. The station attendants testified that they believed the trucks were racing and traveling faster than most other vehicles coming down the hill. From this testimony, the jury could infer the parties were racing.

It appears that the actual cause of the accident was Leyba's collision with Heimberg. A finding of racing, and a collision during the race could constitute a proximate cause of the accident, see *Thompson v. Ford Motor Co., supra*, even though Leyba may also have been a contributing cause. *Hillyard v. Utah By-Products Co.*, 1 Utah 2d 143, 263 P.2d 287 (1953).

Reversed and remanded.

HALL, C. J., HOWE and OAKS, JJ., and DON V. TIBBS, District Judge, concur.