**Pat SILCOX, Plaintiff and Appellant,**

**v.**

**SKAGGS ALPHA BETA, INC., a Utah corporation; and Frank Lewis, Defendants and Appellees.**

**No. 910041–CA.**

Court of Appeals of Utah.

July 3, 1991.

Matt Biljanic, Midvale, for plaintiff and appellant.

Philip R. Fishler and Stephen J. Trayner, Strong & Hanni, Salt Lake City, for defendants and appellees.

Before GARFF, JACKSON and ORME, JJ.

## OPINION

JACKSON, Judge:

Plaintiff Pat Silcox appeals from the trial court's grant of defendants' motion for summary judgment. We reverse.

Summary judgment can be granted when no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Utah R.Civ.P. 56(c); *see also Perkins v. Great–West Life Assurance Co.,* Nos. 890732–CA, 890733–CA, —— P.2d ——, —— (Utah App. June 21, 1991); *Robinson v. Intermountain Health Care, Inc.,* 740 P.2d 262, 263 (Utah

App.1987). "Any doubts or uncertainties concerning issues of fact must be construed in favor of the party opposing summary judgment." *Robinson,* 740 P.2d at 263 (citations omitted).

## FACTS

On July 3, 1988, plaintiff, her friend Phyllis Peebles, and plaintiff's two grandchildren entered defendants' store, located at 7800 Redwood Road, in Salt Lake City, Utah. As plaintiff proceeded down a dry goods aisle, she slipped and fell. Plaintiff stated in her deposition that she saw nothing on the floor before she fell. Peebles, who was with plaintiff when the accident occurred, also stated in her deposition that prior to plaintiff's fall, she did not see anything on the floor which may have caused the fall. However, when she bent down to help plaintiff up from the floor, Peebles noticed the floor was wet. Peebles testified that after plaintiff had been removed from the area where the accident occurred, Peebles noticed a cart with bags which contained melting ice. The cart was of the type typically used to transport merchandise to be stocked, and was located approximately 115 feet from where plaintiff fell. According to Peebles, there were spots of water from where the cart was located leading back to the aisle where plaintiff fell. Peebles told one of the store's employees that she believed the bags of melting ice were the source of the water on the floor.

Plaintiff sued defendants for negligence, alleging that the water on the floor caused her fall. Defendants filed a motion for summary judgment, and plaintiff opposed the motion, claiming her deposition and the deposition and affidavit of Peebles created genuine issues of material fact. The trial court granted defendants' motion for summary judgment, from which plaintiff appeals.

## ANALYSIS

■ While the Utah Supreme Court has held "in 'slip and fall' cases that property owners are not insurers of the safety of those who come upon their premises,"

*Dwiggins v. Morgan Jewelers,* 811 P.2d 182, 183 (Utah 1991) (citing *Martin v. Safeway Stores Inc.,* 565 P.2d 1139, 1140 (Utah 1977) and *Long v. Smith Food King Store,* 531 P.2d 360, 362 (Utah 1973)), "summary judgment should be granted with great caution where negligence is alleged." *English v. Kienke,* 774 P.2d 1154, 1156 (Utah App.) (citation omitted), *cert. granted,* 779 P.2d 688 (Utah 1989). Such issues become questions of law only when the facts are undisputed and only one conclusion can be drawn from them. *See id.* The law is well settled in this state that to hold an owner or possessor of land liable for injuries to an invitee, it must be shown that the owner or occupier knew, or by the exercise of reasonable care, should have known, of the existence of a dangerous condition. *See Martin,* 565 P.2d at 1140; *Allen v. Federated Dairy Farms, Inc.,* 538 P.2d 175, 176 (Utah 1975); *Long,* 531 P.2d at 361. The variant of this rule, however, is "that if the condition or defect was created by the defendant himself or his agents or employees, the notice requirement does not apply." *Long,* 531 P.2d at 361; *see also Allen,* 538 P.2d at 178 (Maughan, J., dissenting); *Koer v. Mayfair Mkts.,* 19 Utah 2d 339, 431 P.2d 566, 569 (1967); *Campbell v. Safeway Stores, Inc.,* 15 Utah 2d 113, 388 P.2d 409, 410 (1964).

■ The mere presence of a slippery spot on a floor does not in and of itself establish negligence. This condition may arise in any place of business for any number of reasons. Proof that a slippery or wet substance was on a floor, does not, without more, establish that defendant knew or should have known of the condition. *See generally Allen,* 538 P.2d at 176; *Koer,* 431 P.2d at 569. However, in the present case, where the cart on which the ice was stacked was a cart of the type typically used by store employees to move cases of goods, rather than a shopping cart of the type ordinarily used by customers, there is a question as to whether the defendants, through one of the store's employees, created the foreseeable risk of harm. An inference could readily be drawn by the jury that the water in which plaintiff fell

came from the bags of ice on the cart left in the aisle by store employees. Plaintiff has introduced evidence from the deposition of Peebles which raises such an inference. It is for the jury to decide, even if only as matter of inference, whether one of defendants' employees created the risk of harm, or whether a phantom shopper, given to moving merchandise about the store on a cart intended only for the use of store personnel, was responsible for plaintiff's injuries.

This case is governed by *Campbell*, and not, as defendant suggests, by *Lindsay v. Eccles Hotel Co.*, 3 Utah 2d 364, 284 P.2d 477 (1955). In *Campbell*, the supreme court set aside the judgment notwithstanding the verdict for the defendant, stating that from the facts and inferences, "the jury could reasonably believe that there was a greater probability that store employees left the box [which plaintiff had fallen over in defendant's store] where it was than that a customer or stranger did." *Campbell*, 388 P.2d at 411. In *Lindsay*, on the other hand, the supreme court affirmed the trial court's judgment that as a matter of law, the evidence was insufficient to present a jury question as to defendant's negligence, where plaintiff sustained injuries as a result of a slip and fall on defendant's coffee shop floor caused by water which could have been spilled as easily by a customer as by an employee. *Lindsay*, 284 P.2d at 478.

Plaintiff is entitled to all reasonable inferences in determining whether there is a material issue of fact which precludes summary judgment. *See Robinson*, 740 P.2d at 263 (citations omitted). The summary judgment against plaintiff is therefore reversed and the case remanded to the trial court for trial or such other proceedings as may be appropriate.

GARFF and ORME, JJ., concur.