**Mary E. CANFIELD, Plaintiff and Appellant,**

v.

**ALBERTSONS, INC., Defendant and Appellee.**

**No. 910481–CA.**

Court of Appeals of Utah.

Nov. 13, 1992.

---

Roy G. Haslam and Valden P. Livingston, Salt Lake City, for plaintiff and appellant.

Stephen G. Morgan, Darwin C. Hansen, and Randall D. Lund, Salt Lake City, for defendant and appellee.

Before BENCH, JACKSON and ORME, JJ.

## OPINION

BENCH, Presiding Judge:

Plaintiff Mary Canfield appeals from the trial court's grant of summary judgment in favor of Albertsons. We reverse and remand for further proceedings consistent with this opinion.

## FACTS

Ms. Canfield alleges she slipped and fell on a lettuce leaf while walking through the produce department of an Albertsons store. Albertsons displayed some of its lettuce in what is known as a "farmer's pack display." In such a display, lettuce is left in the boxes in which it arrives from the farm without the damaged or wilted outer leaves having been removed. As a result, customers often remove and discard the outer leaves from heads of lettuce they intend to purchase. Albertsons was aware of this problem and placed empty boxes around the farmer's pack display in which customers could place the discarded leaves. Albertsons also indicated that it patrolled and cleaned the produce section, including the area around the lettuce display, on a regular basis.

Ms. Canfield sustained injuries from her fall and sued Albertsons to recover for her damages. She asserted that it was common for lettuce leaves to be on the floor around the display, despite Albertsons's efforts.

Albertsons brought a motion for summary judgment. The trial court granted the motion, holding that Ms. Canfield failed to meet her burden of showing that Albertsons had either actual or constructive notice of the particular lettuce leaf upon which she slipped and fell.[1] The court further held, as a matter of law, that Albertsons acted reasonably in protecting its patrons against any hazard presented by the farmer's pack display.

## ISSUES

Ms. Canfield argues on appeal that the trial court erred in granting summary judgment because genuine issues of fact existed which should have precluded summary judgment. In addition, Ms. Canfield argues that the trial court erroneously interpreted Utah law as requiring her to show that Albertsons had notice of the specific lettuce leaf upon which she slipped and fell. Finally, Ms. Canfield argues that the trial court erred in ruling, as a matter of law, that Albertsons acted reasonably in attempting to eliminate the hazard presented by the lettuce display. We conclude that the trial court erred in interpreting the law, and in ruling, as a matter of law, that Albertsons took reasonable precautions to protect its customers.

## STANDARD OF REVIEW

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Larson v. Overland Thrift and Loan*, 818 P.2d 1316, 1319 (Utah App.1991), *cert. denied*, 832 P.2d 476

---

1. For purposes of the summary judgment motion, the parties and the trial court assumed that Ms. Canfield slipped and fell on a lettuce leaf.

We therefore also assume that Ms. Canfield slipped and fell on a lettuce leaf. However, on remand, this may be a contested factual issue.

(Utah 1992). In deciding whether the trial court correctly determined that there were no genuine issues of material fact, we do not defer to the trial court's determination of whether there are material facts in dispute, but review the facts and inferences drawn therefrom in the light most favorable to the losing party. *Id.* Any doubts or uncertainties concerning issues of fact are resolved in favor of the losing party. *Robinson v. Intermountain Health Care, Inc.*, 740 P.2d 262, 263 (Utah App.1987). Ms. Canfield also challenges the trial court's legal conclusions which we review for correctness, giving no deference to the trial court. *Larson*, 818 P.2d at 1319.

## ANALYSIS

Ms. Canfield argues that she is not required to show that Albertsons had notice of the specific lettuce leaf upon which she slipped and fell if Albertsons created the dangerous condition. We agree.

We begin our analysis with the general proposition that "property owners are not insurers of the safety of those who come upon their premises." *Silcox v. Skaggs Alpha Beta, Inc.*, 814 P.2d 623, 624 (Utah App.1991). Summary judgment, however, should be granted with extreme caution where the negligence of the property owner is alleged. *Id.* Issues involved in negligence "become questions of law only when the facts are undisputed and only one conclusion can be drawn from them." *Id.*

■ In general, there are two legal theories under which a storeowner may be found negligent and held liable for a patron's injuries in a "slip and fall" case in Utah. The first theory involves situations where there is a temporary or transient hazard within the store that was not created by the storeowner, its agents, or employees. Under this theory, in order to find a storeowner negligent, it must be shown that the storeowner "knew, or in the exercise of reasonable care should have known, of any hazardous condition and had a reasonable opportunity to remedy the same." *Koer v. Mayfair Markets*, 19 Utah 2d 339, 343, 431 P.2d 566, 569 (1967); *accord Allen v. Federated Dairy Farms,*

*Inc.*, 538 P.2d 175, 176 (Utah 1975); *Long v. Smith Food King Store*, 531 P.2d 360, 361 (Utah 1973); *Silcox*, 814 P.2d at 624.

The second theory, which governs the case before us, involves situations where the storeowner, its agents, or employees create or are responsible for the dangerous condition. Under this theory, a plaintiff does not need to establish notice since a storeowner is deemed to have notice of the dangerous condition it creates. *Long*, 531 P.2d at 361–62 (referring to this theory as a "variant" of the first theory); *accord Koer*, 431 P.2d at 569; *Silcox*, 814 P.2d at 624. It is here that the trial court has misinterpreted the law by applying the analysis governing the first theory, rather than the analysis governing the second theory, which is the theory at issue.

This second theory usually requires that the storeowner, its agents, or employees actually create the condition or defect that results in an injury to a patron. However, there is no logical distinction between a situation in which the storeowner directly creates the condition or defect, and where the storeowner's method of operation creates a situation where it is reasonably foreseeable that the expectable acts of third parties will create a dangerous condition or defect. *See De Weese v. J.C. Penney Co.*, 5 Utah 2d 116, 121, 297 P.2d 898, 901 (1956) ("a negligent act may be one which 'creates a situation which involves an unreasonable risk to another because of the expectable action of the other [or] a third person' ") (quoting Restatement of Torts, ¶ 302(b)).

■ We therefore reiterate the rule set forth in *De Weese*, that where the storeowner chooses a method of operation where it is reasonably foreseeable that the expectable acts of third parties will create a dangerous condition, an injured party need not prove either actual or constructive knowledge of the specific condition. *Id.* at 901. In this type of case, notice is satisfied as a matter of law because the storeowner is deemed to be informed of the dangerous condition since it adopted the method of operation. *See generally Thomason v. Great Atlantic and Pacific Tea Co.*, 413

F.2d 51, 52 (4th Cir.1969). "To relieve the plaintiff of the requirement of proving actual or constructive notice in such instances is to effect a more equitable balance in regard to the burdens of proof." *Maugeri v. Great Atlantic and Pacific Tea Co.*, 357 F.2d 202, 203 (3d Cir.1966) (quoting *Bozzo v. Vornado*, 42 N.J. 355, 200 A.2d 777 (1964)).

■ In this case, Ms. Canfield alleges that she slipped on a lettuce leaf on the floor near a display of farmer's pack lettuce. Viewing the facts in the light most favorable to Ms. Canfield, Albertsons chose a method of displaying and offering lettuce for sale where it was expected that third parties would remove and discard the outer leaves from heads of lettuce they intended to purchase. It was reasonably foreseeable that under this method of operation some leaves would fall or be dropped on the floor by customers thereby creating a dangerous condition. Because Albertsons chose this method of operation, the question of whether Albertsons had notice, either actual or constructive, is not relevant. The relevant question is whether Albertsons took reasonable precautions to protect customers against the dangerous condition it created.

■ The trial court concluded, as a matter of law, that Albertsons's actions in this case, were sufficient to "negate any negligence" on its part. This was error since the determination of reasonableness, and negligence, lies within the province of the jury. "The standard upon which negligence is gauged is that of ordinary, reasonable care under the circumstances, which standard it is peculiarly fitting that juries determine." *DeWeese*, 297 P.2d at 901. Questions involving reasonableness and negligence "become questions of law only when the facts are undisputed and only one conclusion can be drawn from them." *Silcox*, 814 P.2d at 624.

Given Albertsons's decision to use farmer's pack displays, the inquiry therefore becomes whether Albertsons did what was "reasonably necessary to protect the customer from the risk of injury that mode of operation is likely to generate." *Woller-*

*man v. Grand Union Stores, Inc.*, 47 N.J. 426, 221 A.2d 513, 514 (1966). This inquiry necessarily focuses on the storeowner's actions prior to, or contemporary with, the creation of the dangerous condition. Each determination of whether the protective measures taken were reasonable is fact sensitive. The circumstances that determine the reasonableness of the protective measures might include "the type and volume of merchandise, the type of display, the floor space used for customer service, the nature of customer service, and the volume of business." *Gonzales v. Winn–Dixie Louisiana, Inc.*, 326 So.2d 486, 488 (La.1976). In any event, the factfinder must determine whether the storeowner's vigilance in protecting against a condition or hazard was commensurate with the risk created by the method of operation. *Wollerman*, 221 A.2d at 514.

Albertsons indicated that empty boxes were placed around the farmer's pack display so that customers could discard leaves. Further, Albertsons instituted a regular schedule for inspecting and cleaning the produce section, including the area around the lettuce display. Ms. Canfield claims that despite Albertsons's efforts, it was still common for lettuce leaves to be on the floor. Specifically, she challenges Albertsons's assertion that it cleaned the produce section shortly before her fall. She also claims that other stores in the industry use non-skid mats around similar farmer's pack displays and that Albertsons was negligent for not doing likewise. Both Ms. Canfield and Albertsons dispute the facts and inferences presented by the other side. Viewing the facts and the inferences drawn therefrom in favor of Ms. Canfield, we conclude that there was a material issue of fact involving the question of whether Albertsons took reasonable precautions to protect its customers from the dangerous condition it created. It was therefore error for the trial court to grant Albertsons's motion for summary judgment.

In so ruling, we are not passing judgment on whether Albertsons was negligent—it is not our function to weigh the evidence. We note only that reasonable

# 1228

minds could differ on the question of whether Albertsons took reasonable precautions to protect its customers. The determination of Albertsons's negligence, if any, is therefore necessarily reserved for the factfinder.

## CONCLUSION

We conclude that the trial court misinterpreted the law. Ms. Canfield is challenging Albertsons's choice of a method of operation where it was reasonably foreseeable that the expectable acts of third parties would create a dangerous condition. It is therefore not necessary that Ms. Canfield show that Albertsons had actual or constructive notice of the particular dangerous condition, i.e., the presence of the specific lettuce leaf that allegedly caused her fall. We also conclude that the trial court erred in determining, as a matter of law, that Albertsons acted reasonably in its attempts to protect its customers from the dangerous condition. This determination is fact sensitive and may not be decided as a matter of law.

We reverse the summary judgment and remand for proceedings consistent with this opinion.

JACKSON and ORME, JJ., concur.