288 P.2d 785

**Ethel M. GADDIS, Plaintiff and Appellant,**

v.

**LADIES LITERARY CLUB, a corporation, Defendant and Respondent.**

**No. 8322.**

Supreme Court of Utah.

Oct. 20, 1955.

122

Arthur A. Allen, Jr., Salt Lake City, for appellant.

Stewart, Cannon & Hanson, Salt Lake City, for respondent.

McDONOUGH, Chief Justice.

Appeal from a judgment entered upon an order granting a motion to dismiss made at the close of appellant's evidence. Affirmed.

Appellant, admittedly a business visitor of respondent, slipped and fell upon the stage in respondent's auditorium. As a cause of action against the club, she alleged in her complaint that:

"Defendant was negligent toward plaintiff in that:

"(a) At some time prior to the afternoon of April 15, 1950, it caused to be applied to the stage in the immediate vicinity of the West stairs a wax in such extreme quantity or of such inferior quality or in such a reckless manner that the said surface was, on the said afternoon, rendered so slick and slippery as to afford a footing which defendant, in the exercise of reasonable care, would have recognized as unreasonably dangerous and likely to cause people using the stairs to fall.

"(b) In spite of the said dangerous condition, defendant provided no handrail or other means of assistance to people attempting to ascend or descend the stairs."

As to the second allegation, assuming that defendant was negligent in failing to equip the steps leading to the stage with a handrail, it is obvious that the lack of a bannister could not be the legal or proximate cause of the accident because Mrs. Gaddis fell prior to reaching the stairs. Thus she would not be a member of the

class sought to be protected by the erection of a bannister even though she might have broken her fall by reaching out for it; such negligence could not be termed either the actual or substantial factor in bringing about plaintiff's harm. See Restatement of Torts, section 430 ff.

No evidence was produced at the trial to prove the first allegation of the complaint other than the testimony that the floor was slippery and that it had been recently waxed. Plaintiff called the janitor who had waxed the floor and he testified that he had used Johnson's paste wax and buffed it to a shine with a hand buffer. There was no evidence to prove that the wax was applied "in a reckless manner," "in an extreme quantity" or that it was of "inferior quality." There was no evidence that the floor was of a composition which would render the application of wax dangerous nor that the composition of the wax was such as to create a danger in its use.

On appeal, plaintiff contends that the mere proof that a floor is slippery creates a jury question as to whether any application of wax to a floor is negligence. She cites to us a number of decisions from California which, although most of them offer further evidence of negligence than appears in this case, apparently regard evidence of slipperiness as the basis for a determination of fact as to whether or not the floor was so slippery as to constitute a breach of the duty which defendant owed to his invitees. Lorenz v. Santa Monica City High School District, 51 Cal.App.2d 393, 124 P.2d 846; Nicola v. Pacific G. & E. Co., 50 Cal.App.2d 612, 123 P.2d 529; Hatfield v. Levy Brothers, 18 Cal.2d 798, 117 P.2d 841. These cases however, recognized that slipperiness is a relative term and that the fact that a floor is slippery does not necessarily mean that it is dangerous to walk upon.

The majority of courts in the United States hold that the mere application of wax to a floor will not constitute negligence, even though having some tendency to make the floor more slippery. 25 A.L. R.2d p. 460 ff.; Smith v. Union & New Haven Trust Co., 121 Conn. 369, 185 A. 81; Dunham v. Hubert W. White, Inc., 203 Minn. 82, 279 N.W. 839; Osborne v. Klaber Bros., 227 Iowa 105, 287 N.W. 252; Dixon v. Hart, 344 Ill.App. 432, 101 N.E.2d 282. To hold otherwise, these courts reason, is to permit the jury to act upon speculation and conjecture upon the plaintiff's testimony that he slipped on a floor which he deemed to have been made excessively slippery by defendant's application of wax. Schreve v. Edmundson Art Foundation, 243 Iowa 237, 50 N.W.2d 26.

Therefore, some condition beyond the fact that the floor was waxed and that the plaintiff fell is necessary to a cause of action for negligence in creating or permitting a dangerous condition to exist where people are expected to walk. The proof in this case does not meet this test and the trial court did not err in refusing its submission to the jury.

Affirmed. Costs to respondent.

CROCKETT, WADE and WORTHEN, JJ., concur.

HENRIOD, J., does not participate herein.