437 P.2d 895

**Jane HOWARD, Plaintiff and Appellant,**

**v.**

**AUERBACH COMPANY, a Utah corporation, Defendant and Respondent.**

**No. 10966.**

Supreme Court of Utah.

Feb. 27, 1968.

Leland S. McCullough, of McCullough & McCullough, Salt Lake City, for appellant.

Skeen, Worsley, Snow & Christensen, Salt Lake City, for respondent.

HENRIOD, Justice:

Appeal from a summary judgment of no cause of action. Affirmed with no costs awarded.

This matter was decided on motion for summary judgment, via affidavits and depositions. The best that appellant can point out is that in November, she, with two minor children, was taken to defendant's

department store by her husband, who left them there while he put a nickel in an unpopular parking meter. She agreed to meet him later on the third floor of the store, that had escalators galore. She shopped on the first floor for about 30 minutes. In the meantime her husband returned, looked for her, didn't see her on the first floor, took the escalator to the third floor, noticing some oil on two of the steps, about which he did not concern himself, looked about the third floor, but did not find his wife and children. Then he took the escalator back to the first floor, where he almost immediately saw his wife fall on the escalator, injuring herself, requiring hospitalization. No claim was presented to the store for any injury, until this lawsuit instituted about 14 months later.

There is nothing in the record affirmatively or even controversially to show any negligence on the part of the store save an allegation to such effect and a denial thereof. The record is devoid of any indication who put any oil on the steps of the escalator or, if so, it was for such a time that the store people reasonably could have discovered and removed it.

The plaintiff's urgence on appeal that the store people knew or should have known of the oil's presence is epitomized in the brief in the following language: "Plaintiff testified that she shopped for approximately 30 minutes on the first floor before proceeding to go up the escalator to the third floor to meet her husband. It is apparent then that the oil must have been on at least one step of the escalator for at least 30 minutes or a little less * * *" The whole appeal is bottomed on this non sequitur.

We believe and hold that this case falls directly under the principles enunciated in Koer v. Mayfair Markets, 19 Utah 2d 339, 431 P.2d 566 (1967), and the cases cited therein, and that the cases cited by appellant are factually inapropos and uncontrolling here.

CALLISTER, TUCKETT and ELLETT, JJ., concur.

CROCKETT, C. J., concurs in the result.