**Maureen TAYLOR, Plaintiff and Appellant,**

v.

**KEITH O'BRIEN, INC., Defendant and Respondent.**

**No. 13969.**

Supreme Court of Utah.

July 11, 1975.

Ned Warnock, Howard E. Baysinger, Salt Lake City, for plaintiff and appellant.

Richard H. Moffatt and John L. Young, Moffat, Welling, Paulsen & Burningham, Salt Lake City, for defendant and respondent.

MAUGHAN, Justice:

Here on appeal is an order of the court below granting judgment in favor of defendant, notwithstanding a verdict for plaintiff, in a slip-and-fall matter.

Plaintiff initiated this action, to recover damages for the personal injuries she sustained, when she slipped and fell in the entry way of defendant's dry goods store; alleging a slippery, foreign substance, as the cause. At the close of the evidence, defense counsel, pursuant to Rule 50(b), U.R.C.P., made a motion for a directed verdict. This motion was taken under advisement by the court. After entry of the judgment on the verdict, defendant moved to have judgment set aside, and have judgment entered pursuant to its motion for a directed verdict upon hearing, the court granted defendant's motion.

In reviewing a post-verdict motion, all of the testimony and all reasonable inferences flowing therefrom, which tend to prove the plaintiff's cause, must be accepted as true; and all conflicts and all evidence which tends to disprove it must be disregarded.[1]

On February 4, 1972, plaintiff entered defendant's store through a rear entrance, made a purchase, and proceeded to depart through the front entrance. Plaintiff testified she opened the door, took one step, and fell. After regaining her feet, she went to a bench, where she sat until she regained her composure. At this point, she re-entered the store, located a clerk, Mrs. Hill; and reported the accident. Mrs. Hill accompanied plaintiff to the entrance area, to observe the reported condition. Plaintiff then left her name, address, and telephone number with Mrs. Hill; and depart-

---

1. Koer v. Mayfair Markets, 19 Utah 2d 339, 342, 431 P.2d 566 (1967).

ed, declining to speak with the store manager. Plaintiff further testified that she had described the substance, to the manager of the store, in a subsequent telephone conversation, telling him it was similar to dance floor wax; that it was a slippery, waxy, substance, which she had brushed off her dress.

The clerk's description of the condition of the vestibule, at the time of the accident, was that it was clean, with the exception of a small amount of black, gritty, substance on the floor; that she scuffed her foot on the material and found it to be not slippery, but gritty and abrasive. She further testified that she had no knowledge of how the substance got into the vestibule. However, plaintiff's counsel, making reference to the clerk's deposition, adduced evidence that the substance was that used by the city street department to reduce slipperiness during snowy weather. Further, that there had been an extensive amount of snow that winter and this gritty substance, which perhaps had salt in it, would splash up on the area in question.

Mr. Beltz, store manager, described the entry as a recessed, covered area, approximately 11 feet wide and 7 feet deep, with two sets of double doors; located at the northwest corner of the store. He also testified that, under the store's general maintenance program, maintenance crews swept the outer area, including the entry way, every morning prior to the opening of the store. He also testified that he was summoned by the clerk (at the time of the accident), that he inspected the area, that it was dry with a slight amount of gritty substance located in the outer edges of the area; but in the main traffic pattern there was little to be noticed. He had the area swept, at that time, and it yielded about one half cup of gritty substance.

It is plaintiff's contention there was sufficient evidence to support the verdict; urging that defendant's program of sweeping each morning supports an inference that defendant had noticed that accumulations of this abrasive reached the entry area, and that defendant ordinarily guarded against this hazard. Since plaintiff slipped in this substance, plaintiff concludes that defendant was negligent in its maintenance program. Under some circumstances plaintiff's point is a valid one. However, here, as will appear from the proof alluded to, such action of defendant loses its evidentiary value to aid plaintiff's cause.

The key question here is: Was there sufficient evidence to establish that the presence of this substance created a dangerous condition? To reach that issue the trial court gave the following instruction:

You are instructed that the defendant is subject to liability for the physical harm caused to the plaintiff by a condition on the defendant's land if, but only if, you find from a preponderance of the evidence that propositions number 1 and number 5 are true and either propositions number 2, 3, or 4 are also true.

1. That the presence of the substance constituted a dangerous condition.

2. That the substance causing plaintiff's injury was placed in the entry way by the defendant or its employees.

3. That if the substance causing plaintiff to fall was not placed in the entry way by the defendant or its employees, that the defendant knew of the presence of the substance.

4. That if the defendant did not now know of the presence of the substance causing plaintiff to fall that it had been in the entry way so long that the defendant in exercising of reasonable care, should have known of its presence.

5. That the defendant had a reasonable opportunity to remedy the condition and did not do so.

The following Utah cases are illustrative of our law as related to the

Court's instruction. In Preston v. Lamb[2] this court stated:

> The owner of a business is not a guarantor that his business invitee will not slip and fall. He is charged with the duty to use reasonable care to maintain the floor of his establishment in the reasonably safe condition for his patrons.

Although the plaintiff testified the substance was slippery and was similar to dance floor wax, her proof pursued a course to establish that it was a gritty abrasive used by the street department in the winter time.

In Gaddis v. Ladies Literary Club[3] this Court stated that slipperiness is a relative term and the fact that a floor is slippery does not necessarily mean that it is dangerous to walk on. The mere fact that plaintiff slipped on a surface which she deemed slippery, does not establish the existence of a dangerous condition.

This Court has consistently held, in addressing itself to transitory conditions, such as foreign substances on a floor, that to find the defendant negligent there must be evidence that defendant knew, or in the exercise of reasonable care, he should have known of any hazardous condition; and had a reasonable opportunity to remedy the same.[4]

Plaintiff apparently concedes that the gritty substance was not placed in the entry by defendant's agents or employees; so the issues are limited to whether the condition was dangerous, and whether it had existed for such time and in such a manner that defendant, in the exercise of due care, knew or should have known, of it and remedied it. There was no evidence to establish either directly, or by inference, when, or for how long, the grit had accumulated in the entry. Had there been, such proof would have been unavailing, for plaintiff's proof failed to establish the existence of a dangerous condition.

To find for the plaintiff on the evidence adduced her, the jury had to indulge in speculation, or conjecture. The court below properly set aside the verdict, and its judgment is affirmed.

HENRIOD, C. J., and ELLETT, CROCKETT and TUCKETT, JJ., concur.

Company, 3 Utah 2d 364, 284 P.2d 477 (1955); Howard v. Auerbach Company, 20 Utah 2d 355, 437 P.2d 895 (1968); Long v. Smith Food King Store, Utah, 531 P.2d 360 (1974).

---

2. 20 Utah 2d 260, 263, 436 P.2d 1021, 1023 (1968).

3. 4 Utah 2d 121, 123, 288 P.2d 785 (1955).

4. Hampton v. Rowley, 10 Utah 2d 169, 350 P.2d 151 (1960); Lindsay v. Eccles Hotel