Ramona OHLSON, Plaintiff and Respondent,

v.

SAFEWAY STORES, INC., Defendant and Appellant.

No. 14969.

Supreme Court of Utah.

Sept. 2, 1977.

Scott J. Daniels and Merlin R. Lybbert, of Snow, Christensen & Martineau, Salt Lake City, for defendant and appellant.

Robert A. Echard and Robert V. Phillips, Ogden, for plaintiff and respondent.

WILKINS, Justice:

Defendant appeals from a judgment entered on a jury verdict by the District Court for Weber County, awarding plaintiff $3,680 for injuries resulting from a slip and fall on dry spaghetti on the floor of a grocery store owned and operated by defendant. Affirmed. Costs to plaintiff.

Defendant argues that it was error for the District Court to deny Defendant's motion for a directed verdict and its motion for judgment notwithstanding the verdict in the absence of evidence showing the length of time the debris was on the floor, and in view of the fact that the condition of this debris itself did not indicate how long it had been on the floor.

Defendant cites six cases decided by this Court in support of its argument.[1] However, we believe those cases are distinguishable from this one. In none of those cases was evidence presented which would show from the condition of the debris on the floor that it had been there for any appreciable time.

Here, the testimony was that the spaghetti was dirty, crushed, broken into small pieces, and that it extended from aisle ten around the end of that aisle into the main aisle for five or six feet toward the cash register at the front of the store.

---

1. *Allen v. Federated Dairy Farms, Inc.*, Utah, 538 P.2d 175 (1975); *Lindsay v. Eccles Hotel Co.*, 3 Utah 2d 364, 284 P.2d 477 (1955); *Long v. Smith Food King Store*, Utah, 531 P.2d 360 (1973); *Taylor v. Keith O'Brien, Inc.*, Utah, 537 P.2d 1022 (1975); *Howard v. Auerbach Co.*, 20 Utah 2d 355, 437 P.2d 895 (1968); *Koer v. Mayfair Markets*, 19 Utah 2d 339, 431 P.2d 566 (1967).

The only inspection of the area made by defendant's employees in the 45 minutes prior to plaintiff's injury was a casual glance down the aisle made by defendant's manager as he came on duty, even though defendant knew that the time at which the injury occurred was the busiest time for the store; that more customers were present during that time; that debris was more likely to find its way to the floor during this time; and that the debris caused the kind of injury suffered by the plaintiff here. The main aisle in which some of the spaghetti was strewn was visible from the positions of employees at the cash register.

■ It is a question of fact for the jury whether under all these circumstances the defendant had actual or constructive notice, of the presence of the debris on the floor for such a length of time that it would have been discovered by an owner who exercised reasonable care.[2] Considering the area over which the spaghetti was strewn and the dirty and broken condition it was in, coupled with other evidence recited above, the jury could reasonably find as it did.

■ The jury was properly instructed that the defendant could not be held liable for any injury suffered by plaintiff, a business invitee, resulting from a dangerous condition not caused by acts of the defendant itself and of which the defendant had no knowledge, unless that condition existed for such a length of time that if the defendant exercised ordinary care it would have discovered the condition and could and would have remedied it before the time of the injury. Defendant took no exceptions to the instructions and has not cited them as error on this appeal.

CROCKETT, MAUGHAN and HALL, JJ., concur.

ELLETT, C. J., dissents.

2. *Hale v. Safeway Stores, Inc.,* 129 Cal.App.2d 124, 276 P.2d 118 (1954); *Morris v. King Cole Stores, Inc.,* 132 Conn. 489, 45 A.2d 710 (1946);

*S. H. Kress & Co. v. Selph,* 250 S.W.2d 883 (Tex.Civ.App.1952).