**2018 UT App 197**

## THE UTAH COURT OF APPEALS

CURTIS W. WARRICK AND SHAWNA J. WARRICK,
Appellants,
*v.*
PROPERTY RESERVE INC.,
Appellee.

Opinion
No. 20170188-CA
Filed October 12, 2018

Third District Court, Salt Lake Department
The Honorable Barry G. Lawrence
No. 150900203

George S. Diumenti, Clifton W. Thompson, and
Karra J. Porter, Attorneys for Appellants

Thomas D. Walk, Swen R. Swenson, and Ryan R.
Beckstrom, Attorneys for Appellee

JUDGE DAVID N. MORTENSEN authored this Opinion, in which
JUDGES GREGORY K. ORME and MICHELE M.
CHRISTIANSEN FORSTER concurred.

MORTENSEN, Judge:

¶1      In mid-January, during subfreezing temperatures, Plaintiff Curtis W. Warrick cut across Defendant Property Reserve Inc.'s (PRI) parking lot on his way to work. Before he could complete his sojourn, he slipped and fell on a patch of ice. Warrick and his wife, Shawna J. Warrick (collectively, the Warricks), sued PRI for negligence, but the district court dismissed their claims on summary judgment on the basis that the Warricks provided no evidence of how long the temporary condition had existed. The Warricks appeal, and we affirm.

BACKGROUND

¶2    Warrick left for work early one January morning in 2011. He boarded a bus and arrived in Salt Lake City just before 8:00 a.m. The weather was below freezing with light snowfall.

¶3    Warrick walked until he came to a private walkway that cut across a commercial property. The walkway had apparently been cleared of snow and salted. Warrick traveled along the walkway until it came to a pay-to-use parking lot owned by PRI. Warrick noticed a skiff of snow on the parking lot and piles of plowed snow, roughly two feet high, around the perimeter of the lot.

¶4    While attempting to cross the parking lot, Warrick slipped and fell, breaking his leg. After the fall, Warrick found that he had slipped on "crystal clear" ice, which he described as "just water under that thin layer of snow." The Warricks sued PRI for negligence.

¶5    After discovery, PRI moved for summary judgment, arguing (1) that Warrick was a trespasser and (2) that even if he was a licensee, PRI did not breach any duties because it did not have actual or constructive notice of the ice. The district court granted the motion, considering Warrick an invitee for purposes of the motion and ruling that Warrick presented no evidence that PRI had actual or constructive notice of the ice. The Warricks appeal.

ISSUE AND STANDARD OF REVIEW

¶6    The Warricks contend that the district court erroneously granted summary judgment. We review the district court's grant of summary judgment for correctness, "considering only whether the [district] court correctly applied the law and correctly concluded that no disputed issues of material fact

existed." *North Fork Special Service District v. Bennion*, 2013 UT App 1, ¶ 12, 297 P.3d 624 (cleaned up).


ANALYSIS

¶7    The Warricks' argument on appeal is twofold. First, the Warricks assert that the district court misapplied controlling case law when it required them to demonstrate that PRI had actual or constructive notice of the ice. Second, in the alternative, the Warricks argue that the evidence presented on summary judgment reasonably supported an inference that the ice existed long enough for PRI to have discovered and remedied it. Before turning to issues of preservation and the merits of the district court's grant of summary judgment, we first address the procedural parameters of summary judgment. Particularly, we focus on what constitutes the facts to be considered by the district court.

I. The Constellation of Facts on Summary Judgment

¶8    We acknowledge the black letter law that the court must construe all facts and draw all reasonable inferences in favor of the non-moving party.[1] Less clear is which facts the district court may consider in the first place. A conclusion that a genuine issue of fact exists, even when based upon a reasonable inference, must flow from a specific fact or set of facts.

---

1. A non-moving party is not entitled to "every possible inference of fact, no matter how remote or improbable, in favor of the nonmoving party." *IHC Health Services, Inc. v. D & K Mgmt., Inc.*, 2008 UT 73, ¶ 19, 196 P.3d 588. The district court is required, however, only to draw reasonable inferences, and such inferences must present something more than speculation. *Heslop v. Bear River Mutual Ins. Co.*, 2017 UT 5, ¶ 21, 390 P.3d 314.

¶9 Rule 56 of the Utah Rules of Civil Procedure is explicit in this regard. Subsection (a)(1) of rule 56 provides:

> [A] motion for summary judgment must contain a statement of material facts claimed not to be genuinely disputed. Each fact must be separately stated in numbered paragraphs and supported by citing to materials in the record under paragraph (c)(1) of this rule.

Utah R. Civ. P. 56(a)(1). Correspondingly, subsection (a)(2) provides:

> [A] memorandum opposing the motion must include a verbatim restatement of each of the moving party's facts that is disputed with an explanation of the grounds for the dispute supported by citing to materials in the record under paragraph (c)(1) of this rule. The memorandum may contain a separate statement of additional material[] facts in dispute, which must be separately stated in numbered paragraphs and similarly supported.

*Id.* R. 56(a)(2). Finally, subsection (a)(4) provides:

> Each material fact set forth in the motion or in the memorandum opposing the motion under paragraphs (a)(1) and (a)(2) that is not disputed is deemed admitted for the purposes of the motion.

*Id.* R. 56(a)(4). Thus, the fact statements of the moving and opposing memoranda constitute the constellation of facts to be considered by the district court on summary judgment. Those same facts are to be considered by the reviewing court on appeal. Limiting consideration to this array of facts is fundamentally fair. Although a summary judgment motion

commences with the moving party's statement of allegedly undisputed facts, the non-moving party ultimately controls the totality of facts to be considered because the rule specifically allows for additional statements of facts. *Id.* R. 56(a)(2). And indeed, these additional facts come not only by way of discovery responses already made, but also by way of affidavits of parties or other witnesses filed in response to the motion. *Id.* R. 56(c)(4). Beyond that, where facts essential to a determination of summary judgment cannot be presented, counsel may file an affidavit or declaration asking for additional time to obtain discovery justifying an opposition. *See id.* R. 56(d).

¶10    Such considerations are material here. On appeal, both in the briefing and at oral argument, the Warricks claim that the ice on which Warrick slipped was one inch thick, but that assertion is not found anywhere in the statements of fact before the district court. Instead, as discussed above, *supra* ¶ 4, the only factual statements provided to the district court indicate that the ice was clear and under a thin layer of snow.[2] And while the district court would have been well within its discretion to limit its consideration to only those facts asserted in the statements of fact, the district court apparently looked elsewhere in the record to infer and characterize the ice as "thick," but it did not expressly infer that it was one inch thick. As such, we conclude that consideration of the fact now asserted on appeal that the ice was one inch thick would be improper.[3] We nevertheless note

---

2. Similarly, the Warricks attached to their appellate brief photographs of ice in a parking lot. However, the record reflects that when asked in his deposition whether the photos represented the ice on which he fell, Warrick stated: "I think it isn't . . . . I'm thinking not."

3. We recognize that the district court has discretion to grant or deny a motion for summary judgment based on a "mere

(continued…)

that even if evidence were properly before us that the ice was one inch thick, Warrick's claim would still fail for the reasons we next explain.

## II. The Requirement to Demonstrate Actual or Constructive Notice

¶11 The Warricks claim on appeal that the district court misapplied Utah case law by requiring a showing of actual or constructive notice. They argue that a showing of notice is not required in a situation where a defendant creates the dangerous condition. We conclude that this argument is unpreserved.

¶12 "When a party fails to raise and argue an issue in the trial court, it has failed to preserve the issue, and an appellate court will not typically reach that issue absent a valid exception to preservation." *State v. Johnson*, 2017 UT 76, ¶ 15, 416 P.3d 443. "An issue is preserved for appeal when it has been presented to the district court in such a way that the court has an opportunity to rule on it." *Patterson v. Patterson*, 2011 UT 68, ¶ 12, 266 P.3d 828 (cleaned up). "To provide the court with this opportunity,

---

(…continued)
technical" failure to meet briefing requirements. *See Jennings Inv., LC v. Dixie Riding Club, Inc.*, 2009 UT App 119, ¶ 24, 208 P.3d 1077. But regardless of whether there has been a "technical violation" of the rules, the existence of a fact somewhere in the record does not absolve a party from its duty to include that fact in its summary judgment memorandum. *Id.* ¶ 25; *see also id.* ¶ 26 ("A district court is not obliged to comb the record to determine whether a genuine issue as to any material fact exists to prevent summary judgment. Rather, it is the nonmoving party's burden to demonstrate that such a conflict exists."); Utah R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record.").

the issue must be specifically raised by the party asserting error, in a timely manner, and must be supported by evidence and relevant legal authority." *Johnson*, 2017 UT 76, ¶ 15 (cleaned up).

¶13 The Warricks' argument on appeal relies on principles articulated in *Jex v. JRA, Inc.*, 2008 UT 67, 196 P.3d 576. In that case, the court held that the notice requirement does not apply to temporary unsafe conditions created by owners. *Id.* ¶ 24. Although the Warricks point to no argument below applying this doctrine, they argue that their mention of the conditions of the parking lot preserved the argument. We disagree. All of the Warricks' arguments on summary judgment asserted that PRI had constructive notice of the temporary condition, and nowhere in the Warricks' statement of preservation do they identify where they argued that the notice requirement does not apply.[4] The Warricks' argument was not preserved for two reasons.

¶14 First, the Warricks' statements before the district court lack specificity to preserve the argument. *See Johnson*, 2017 UT 76, ¶ 15. The Warricks cite parts of the record where they discuss snow being piled on an island, the lack of a drain to absorb melting snow, and the path created by the sidewalks and plowed snow. The Warricks also cite to their argument that PRI had constructive notice of the ice. These statements, without more, do not amount to an argument that the notice requirement, actual or constructive, was inapplicable.

¶15 Further, the Warricks specifically argued that PRI had constructive notice because the ice had been on the ground for a sufficient amount of time and the surrounding sidewalks had been salted. And when the district court asked at the hearing on

_____

4. Indeed, at oral argument the Warricks acknowledged that they neither made this argument in the briefing before the district court nor at the hearing on the motion for summary judgment.

the motion for summary judgment whether the Warricks "ha[d] any facts that would indicate that the owner . . . actually knew" about the ice, they responded, "We're not asserting that . . . . We're not saying that this was an obvious condition . . . ." Such an argument that PRI *had* constructive notice cuts against a conclusion that the Warricks argued that their claim *did not require* a showing of constructive notice. Accordingly, we cannot conclude that the Warricks raised this argument with adequate specificity for the district court to rule on it. *See Johnson*, 2017 UT 76, ¶ 15.

¶16 Second, the Warricks failed to provide the district court with "relevant legal authority." *Id.* The Warricks direct us to no place in the record where they cited *Jex* or any similar authority to the district court. Again, the Warricks argued only that the existence of the ice and the presence of salt on the sidewalks were sufficient to show that PRI had constructive notice of the ice. Thus, the issue of whether PRI created a dangerous condition was not preserved and we will not consider it.

### III. The Sufficiency of the Evidence to Support Constructive Notice

¶17 Having rejected the Warricks' first argument, we now consider their alternative argument—that the evidence presented to the district court was sufficient, under the summary judgment standard, to support the conclusion that PRI had constructive notice of the ice. We disagree and conclude that the existence of the ice and the presence of salt on the surrounding sidewalks demonstrate neither how long the ice had been on the ground nor whether PRI had sufficient time to recognize and remedy the hazard.

¶18 "The mere presence of a slippery spot on a floor does not in and of itself establish negligence." *Price v. Smith's Food & Drug Centers, Inc.*, 2011 UT App 66, ¶ 8, 252 P.3d 365 (cleaned up). A business owner is not charged with insuring the safety of all

those who enter the property, but he must "use reasonable care to maintain the floor of his establishment in a reasonably safe condition for his patrons." *Id.* (cleaned up).

¶19 To show that a landowner is liable for damages caused by a temporary unsafe condition, a plaintiff must show that "(1) the defendant had knowledge of the condition, that is, either actual knowledge or constructive knowledge because the condition had existed long enough that he should have discovered it; and (2) after obtaining such knowledge, sufficient time elapsed that in the exercise of reasonable care he should have remedied it." *Jex v. JRA, Inc.*, 2008 UT 67, ¶ 16, 196 P.3d 576 (cleaned up).

¶20 The district court ruled that the mere presence of ice and salt on the sidewalks nearby was not enough to demonstrate, without speculation, that the ice had been on the ground for a sufficient amount of time to allow PRI to discover the condition and to remedy it. The Warricks argue on appeal that the evidence "implies it took at least a day of melting and a night of freezing; and a long winter's night is plenty of time for constructive notice to be reasonably found," especially with "the ongoing mitigation of ice on other portions of the property." We agree with the district court.

¶21 In slip-and-fall cases such as this, a factfinder will often be required to make reasonable inferences based on the evidence to decide whether a dangerous condition existed for an appreciable amount of time. "A reasonable inference is a conclusion reached by considering other facts and deducing a logical consequence from them." *State v. Cristobal*, 2010 UT App 228, ¶ 16, 238 P.3d 1096 (cleaned up). For example, in *Ohlson v. Safeway Stores, Inc.*, 568 P.2d 753 (Utah 1977), our supreme court held that evidence showing spilled spaghetti that was dirty, crushed, broken into pieces, and strewn from one aisle to another was sufficient on summary judgment to show that the hazard existed for enough time for the store to act. *Id.* at 754.

¶22 However, "where conjecture and speculation are the only ways to determine the length of time a substance was on the floor, constructive notice should not be imputed." *Price*, 2011 UT App 66, ¶ 12 (cleaned up). "[S]peculation is defined as the act or practice of theorizing about matters over which there is no certain knowledge." *Cristobal*, 2010 UT App 228, ¶ 16 (cleaned up). For example, where the evidence showed that the defendant's employees shoveled snow and that the employees wore boots with deep treads, our supreme court concluded that while these arguments helped show "who created the puddle," there was no evidence to prove how long the puddle that caused the plaintiff's fall had been on the floor. *Jex*, 2008 UT 67, ¶ 21.

¶23 Here, the Warricks present no evidence that demonstrates approximately when the ice formed. There is no evidence showing the temperatures on the preceding days or nights. There is also no evidence showing how long it takes for ice as described in the statements of fact to form. Further, while the Warricks insist that the ice formed from melting piles of snow, there is no evidence demonstrating that the piles of snow were the source of the water that turned to ice, as opposed to ice forming from precipitation. For all the evidence shows, the ice could have been there for several days or it could have been there for several minutes.

¶24 As for the salt on the surrounding sidewalks, there is no evidence that PRI was responsible for managing those sidewalks or that PRI employees cleared snow and spread salt on those sidewalks. It is unclear how the mere presence of salt on adjacent sidewalks tells us anything about how long the ice in the parking lot existed. The salt could have been applied days before and simply remained on the sidewalk.

¶25 Because inferring that the ice existed for an appreciable time requires "theorizing about matters over which there is no certain knowledge," *see Cristobal*, 2010 UT App 228, ¶ 16 (cleaned

up), we conclude, as did the district court, that the Warricks presented no evidence going to the amount of time the ice existed. And absent evidence upon which a factfinder could conclude that PRI should have known about the hazardous condition and remedied it, the Warricks' claim fails as a matter of law.

CONCLUSION

¶26   We conclude that the district court properly granted summary judgment. The Warricks' argument that they were not required to show actual or constructive notice of the dangerous condition was not preserved. Further, the Warricks presented no competent evidence going to the amount of time that the dangerous condition existed.

¶27   Affirmed.

_____