340 P.2d 416

DISABLED AMERICAN VETERANS, UTAH STATE DEPARTMENT, Plaintiff and Respondent,

v.

Roy A. HENDRIXSON, D. B. Reese, K. D. Mabey, Alex F. Gray, Gaylen S. Young, Tracy Astle, Veterans Foundation, a purported nonprofit corporation, and Orlo L. Ellison, Defendants and Appellant.

No. 8980.

Supreme Court of Utah.

June 12, 1959.

Child, Spafford & Young, Salt Lake City, for appellant.

Rich, Elton & Mangum, Salt Lake City, for respondent.

HARDING, District Judge.

Defendant, Veterans Foundation, appeals and plaintiff cross-appeals from an order of the trial court granted on plaintiff's motion for summary judgment.

The material facts as shown at the time of the motion appear to be as follows: Plaintiff is the organization of the Disabled American Veterans, Department of Utah.

154

The defendant, Veterans Foundation, is a non-profit corporation organized at the instance of the plaintiff to serve veterans and their families. When Veterans Foundation commenced business it became obligated by contract to pay plaintiff a certain percentage of its gross sales and to make other benefits available to plaintiff for its members. Shortly thereafter a dispute arose between officers of the plaintiff and the defendant. Veterans Foundation amended its articles in an attempt, among other things, to provide power to divert funds from the plaintiff to local DAV chapters in Utah and to supervise expenditures of the funds paid to plaintiff or the local chapters. Veterans Foundation later served notice on plaintiff that, on account of plaintiff's lack of cooperation with the Veterans Foundation, the obligation to plaintiff under the aforesaid contract was terminated and it ceased making the required payments to plaintiff. Further attempts to secure harmony between the parties by negotiations and amendments to the articles of incorporation of the Veterans Foundation failed to resolve the difficulties, and legal action ensued.

By summary judgment the court ordered Veterans Foundation to resume the payments to plaintiff in pursuance of the aforesaid contract; required funds, impounded pending a determination of the controversy, paid to the plaintiff; ordered certain amendments to be made to the articles of incorporation of defendant, Veterans Foundation; denied plaintiff's petition for dissolution of Veterans Foundation, for a receiver, and for the removal of the officers thereof.

■ On a motion for summary judgment against a defendant, where some of the facts are in dispute, a judgment can properly be rendered against a defendant only if, on the undisputed facts, the defendant has no valid defense; if then any material fact asserted by the plaintiff is contradicted by the defendant, the facts as stated by the defendant must, on such motion, be taken as true.

In this case the plaintiff, Disabled American Veterans, Utah State Department, alleged that it was a duly authorized state chapter of the Disabled American Veterans, a national corporation organized and chartered by virtue of Chapter 6A, 36 U.S.C.A. It was apparently assumed that the granting of a charter by the national corporation to the State Department placed the chartered State Department under the aegis of the national corporation and invested the plaintiff with the rights granted to that corporation as if it were an integral part of the national corporation, such as a branch thereof, with no existence as a separate organization.

■ The defendant, by its answer, challenged the plaintiff's capacity as a corporation and its right to sue, and alleged, in

effect, that the plaintiff was a voluntary unincorporated association, thus presenting an issue on a material fact for the trial court, and precluded summary judgment against defendant on that point.

Plaintiff answered certain interrogatories and submitted exhibits as a part thereof. Among the exhibits there is, in view of plaintiff's claim, a strange paragraph in a letter purporting to be from the national headquarters of the Disabled American Veterans, dated September 19, 1956, signed by the National Adjutant, and directed to the Commander of the Department of Utah DAV. The particular paragraph reads:

> "The Committee [meaning National Executive Committee] also recommends to the Department of Utah that they incorporate so that the individual members and Chapters of the Department will not be or become personally liable for the debts of the Department of Utah. * * *"

This statement is inconsistent with plaintiff's corporate assertion, and indicated that as of the date of the letter the national organization of the Disabled American Veterans had not extended its corporate capacity to include the plaintiff under its corporate protection and with its corporate rights. No change affecting plaintiff's capacity has been claimed to have occurred since September 19, 1956. Undoubtedly the statement in the above-mentioned exhibit was not called to the attention of the trial court, since it was not disclosed in any of the briefs, nor discussed in the arguments to this court.

Under Rule 17(d) of the Utah Rules, an unincorporated association may be sued by its common name but no authority has been given for it to institute an action in such common name.[1]

Two other points are argued: Whether the court can require amendments to articles of incorporation, and whether an injunction will lie to compel payments to be made on a contract. Our State Constitution and statutes provide the means and the authority for altering and amending articles of incorporation, designating that such amendments may be made by the legislature under its reserved powers or by the authority of the stockholders or members of the corporation. In the absence of

---

1. Rule 17(d), U.R.C.P. "When two or more persons associated in any business either as a joint-stock company, a partnership or other association, not a corporation, transact such business under a common name, whether it comprises the names of such associates or not, they may be sued by such common name; and any judgment obtained against the defendant in such case shall bind the joint property of all the associates in the same manner as if all had been named defendants and had been sued upon their joint liability." American Newspaper Guild v. Mackinnon, D.C., 108 F.Supp. 312.

legislative action the amending power rests peculiarly within the discretion of the board of directors, or stockholders or members, as the case may be, and such discretion is not ordinarily subject to the mandate of the court. Courts may declare void illegal or otherwise improper amendments or those sought to be made in violation of law, and may enforce the duty of corporate officers to file lawful amendments duly adopted by the amending authority of the corporation. We are not aware of any precedent for the proposition that the power resides in the court to order amendments to be made which have not been ordered or adopted by those designated by law or by the articles of incorporation to initiate and adopt such amendments.[2] We therefore hold that the court had no power to order amendments in this case.

■ It is also clear that a corporation can not impair the obligation of a contract by the simple expedient of amending its articles of incorporation.[3] In this case the contractual obligation of the Veterans Foundation to pay to and serve the plaintiff could not be avoided nor could it arrogate to itself the power to supervise the plaintiff's expenditure of the funds derived from defendant by any unilateral action whatever.

■ As to the use of the injunctive power of the court to enforce the terms of a contract, it is stated in 28 Am.Jur., page 270, section 77:

"A court of equity will endeavor, to the extent of its powers, to bind men's consciences so far as they can be bound to a true and literal performance of their agreements, and will not suffer them to depart from their contracts at pleasure, leaving the party with whom they have contracted to the mere chance of any damages which a jury may give. It will, therefore, in a proper case, enforce a contract by enjoining violations of the terms thereof. * * *"

It must follow that the trial court had ample authority for the order relating to the disbursement of the impounded funds as well as to enforce the payment of accruals, provided, however, that plaintiff surmounts the capacity to sue barrier.

The order of the trial court is vacated and the case remanded for further proceedings consistent with this opinion.

Costs to appellant.

CROCKETT, C. J., and WADE, HENRIOD and McDONOUGH, JJ., concur.

WORTHEN, J., deceased.

2. Casper v. Kalt-Zimmers Mfg. Co., 159 Wis. 517, 149 N.W. 754, 150 N.W. 1101.

3. 13 Am.Jur., page 242, section 96.