VETERANS FOUNDATION, a non-profit corporation, Appellant,

v.

UNITED STATES of America, Appellee.

No. 6313.

United States Court of Appeals Tenth Circuit.

Aug. 12, 1960.

Gaylen S. Young, Salt Lake City, Utah, for appellant.

Joseph Kovner, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Harry Baum, and Norman H. Wolfe, Attys., Dept. of Justice, Washington, D. C., and A. Pratt Kesler, U. S. Atty., Salt Lake City, Utah, were with him on the brief), for appellee.

Before MURRAH, Chief Judge, and PHILLIPS and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Claiming exemption from federal income tax as an organization for the promotion of social welfare within the purview of 26 U.S.C. § 501(c) (4),[1] appellant-plaintiff, Veterans Foundation, sued to recover taxes paid by it. The trial court found that Veterans Foundation was organized for the primary purpose of carrying on a business for profit and, although under contractual arrangements it paid a percentage of its profits to Department of Utah, Disabled American Veterans, it was a feeder organization within the meaning of 26 U.S.C. § 502 and was not exempt.[2] This appeal tests that ruling.

Veterans Foundation is organized under Utah law as a "non-profit corporation." It operates two stores, one in Salt Lake City and the other in Ogden, Utah, selling used clothing and other used merchandise. These stores, which are located in areas containing competing privately-owned stores, employ 28 persons, keep regular business hours, and advertise their merchandise through the usual media. For the tax year here involved Veterans Foundation had sales of $130,840.90 and a net profit of $18,-468.93, before a payment of $13,084.10 to the DAV.

Veterans Foundation purchased this business from one Ellison who had operated it as a private business under a contract with the DAV. In return for permission to use the name of that organization in soliciting the donation of used merchandise, Ellison contributed a percentage of his profits to DAV and retained the balance for his own benefit. The purchase price was $90,000 and was to be paid out of net sales after deducting a 10% payment to DAV. In addition to such payment to the DAV, Veterans Foundation, by its assumption of the Ellison-DAV contract, was obligated, upon request, to make available to the DAV up to 10% of the donations of merchandise which it received.

After the rejection of its claim for exemption under § 501(c) (4), Veterans Foundation paid an income tax of $1,-623.79 for the fiscal year ending February 28, 1957, and now seeks to recover that amount plus interest.

■ The organization of Veterans Foundation as a non-profit corporation under Utah law does not determine its status for the purposes of federal income tax.[3] While a portion of the profits of Veterans Foundation went to the payment of the purchase price of the business, there may be some doubt as to whether such use of income to add to the corporate assets would deprive the corporation of classification as an organization "operated exclusively for the promotion of social welfare."[4] This issue need not be resolved as we are convinced that Veterans Foundation is a feeder organization within the meaning of § 502 and subject to federal income tax.

Prior to the 1950 amendment[5] to § 101 of the Internal Revenue Code of 1939, 26 U.S.C.A. § 101, the courts followed the ultimate destination of income test in determining the taxability of in-

1. The pertinent provisions of § 501(c) (4) exempt from federal income taxes "[c]ivic leagues or organizations not organized for profit but operated exclusively for the promotion of social welfare."

2. The opinion of the trial court is reported at D.C., 178 F.Supp. 234.

3. Better Business Bureau of Washington, D. C., Inc., v. United States, 326 U.S. 279, 285, note 3, 66 S.Ct. 112, 90 L.Ed. 67; United States v. Community Services, 4 Cir., 189 F.2d 421, 424, certiorari denied 342 U.S. 932, 72 S.Ct. 375, 96 L. Ed. 694, rehearing denied 343 U.S. 911, 72 S.Ct. 632, 96 L.Ed. 1327.

4. Cf. Knapp Brothers Shoe Manufacturing Corp. v. U. S., 135 Ct.Cl. 797, 142 F. Supp. 899, 902; Ohio Furnace Company, Inc., v. Commissioner of Internal Revenue, 25 T.C. 179, 190.

5. Section 301(b), Revenue Act of 1950, c. 994, 64 Stat. 906, amending § 101, Internal Revenue Code of 1939.

come of organizations whose profits were claimed exempt on the ground that they inured to the benefit of exempt organizations.[6] The competitive advantage resulting from the use of this test was recognized in the Message from the President of the United States, dated January 23, 1950, transmitting his "Request for Revision of the Tax Laws."[7] The congressional reports establish an intent to prevent the unfair competition which results when one competitor must pay federal income tax while another is free from that responsibility.[8] The desired result was obtained by an amendment to § 101 of the 1939 Code, which was carried over into § 502 of the 1954 Code in substantially identical language, and which denies a tax exemption to an organization "operated for the primary purpose of carrying on a trade or business for profit" even though all of its profits are paid to an exempt organization.[9]

The issue is whether the primary purpose of Veterans Foundation was business for profit. This presents a question of fact.[10] The trial court has held, on convincing evidence, that such was the primary purpose here.[11] Hence, Veterans Foundation was a non-exempt feeder organization.[12]

We are not concerned here with the problem of whether DAV is exempt from tax or whether DAV would be so exempt if it carried on the activities engaged in by Veterans Foundation.[13] The Veterans Foundation and DAV are separate organizations. This has been established by state court litigation in which they were involved.[14]

Veterans Foundation insists that the trial court erred in refusing to receive in evidence a newspaper account of a grant of federal income tax exemption to Disabled American Veterans Service Foundation. Ignoring the hearsay na-

6. Trinidad v. Sagrada Orden, etc., 263 U.S. 578, 581, 44 S.Ct. 204, 68 L.Ed. 458; Roche's Beach v. Commissioner of Internal Revenue, 2 Cir., 96 F.2d 776, 778; Consumer-Farmer Milk Cooperative v. Commissioner of Internal Revenue, 2 Cir., 186 F.2d 68, 70, certiorari denied 341 U.S. 931, 71 S.Ct. 803, 95 L.Ed. 1360; C. F. Mueller Co. v. Commissioner of Internal Revenue, 3 Cir., 190 F.2d 120, 121; Willingham v. Home Oil Mill, 5 Cir., 181 F.2d 9, 10, certiorari denied 340 U.S. 852, 71 S.Ct. 80, 95 L. Ed. 624; Commissioner of Internal Revenue v. Orton, 6 Cir., 173 F.2d 483, 486. Cf. United States v. Community Services, 4 Cir., 189 F.2d 421, 426–427.

7. H.Doc.No.451, 81st Cong., 2d Sess., p. 5, contains the following quotation from this message: "Responsible educational leaders share in the concern about the fact that an exemption intended to protect educational activities has been misused in a few instances to gain competitive advantage over private enterprise through the conduct of business and industrial operations entirely unrelated to educational activities. * * * These and other unintended advantages can and should be removed without jeopardizing the basic purposes of those organizations which should rightly be aided by tax exemption."

8. H.Rep.No.2319, 81st Cong., 2d Sess., pp. 36–37, 41–42, 1950–2 Cum.Bull. 380,

409, 412; S.Rep.No.2375, 81st Cong., 2d Sess., pp. 28–29, 35, 1950–2 Cum.Bull. 483, 504, 509.

9. 26 U.S.C. § 502 reads thus: "An organization operated for the primary purpose of carrying on a trade or business for profit shall not be exempt under section 501 on the ground that all of its profits are payable to one or more organizations exempt under section 501 from taxation. For purposes of this section, the term 'trade or business' shall not include the rental by an organization of its real property (including personal property leased with the real property)."

10. Hospital Bureau of Standards and Supplies v. United States, Ct.Cl., 158 F.Supp. 560, 563.

11. 178 F.Supp. 239.

12. Cf. Squire v. Students Book Corp., 9 Cir., 191 F.2d 1018, 1020.

13. 26 U.S.C. § 511 imposes a tax on unrelated business income of certain organizations otherwise exempt from tax, but § 513(a) (3) exempts from that tax income from a business "which is [engaged in] the selling of merchandise, substantially all of which has been received by the organization as gifts or contributions."

14. Disabled American Veterans, Utah State Department v. Hendrixson, 9 Utah 2d 152, 340 P.2d 416.

ture of such evidence, it is enough to say that a taxpayer may not claim exemption on the basis that some other organization had been granted an exemption during some prior year.

Affirmed.