**VETERANS FOUNDATION, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 7109.**

United States Court of Appeals Tenth Circuit.

May 14, 1963.

Kline D. Strong, Salt Lake City, Utah, for petitioner.

Benjamin M. Parker, Atty., Dept. of Justice, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., and Lee A. Jackson, Robert N. Anderson and Alan D. Pekelner, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before PICKETT and SETH, Circuit Judges, and CHRISTENSEN, District Judge.

PICKETT, Circuit Judge.

This is a petition to review a decision of the Tax Court which determined that for the purpose of computing the peti-

tioner's income tax for the fiscal year 1958 its basis for the articles which it had sold in its stores was zero. Veterans Foundation, 38 T.C. 66. The taxpayer is a nonprofit corporation which was organized under the laws of Utah with no authorized shares of capital stock. Every member in good standing of the Utah Department of the Disabled American Veterans is also a member of the taxpayer corporation. It operates two stores in Utah for the sole purpose of selling used clothing, furniture and household appliances which are obtained from residents in the vicinity of Salt Lake City and Ogden, Utah, through the efforts of paid solicitors.[1] Its business inventory consists exclusively of property obtained in this fashion. The net profits are delivered to the Utah Department of the Disabled American Veterans, a tax-exempt charitable organization. The taxpayer, conceding that it operated a business for profit and was a non-exempt "feeder organization" within the meaning of 26 U.S.C. § 502,[2] contends that each item of personal property donated was a gift, and that in computing its taxable income the donor's cost or the fair market value of the property at the time it was donated should be used for the taxpayer's basis pursuant to 26 U.S.C. § 1015(a). The Tax Court held that each donation of used property constituted a contribution to the capital of the taxpayer under 26 U.S.C. § 362(c), and that the basis of such property should be zero.

In Brown Shoe Co. v. Commissioner, 339 U.S. 583, 70 S.Ct. 820, 94 L.Ed. 1081,

[1]. As to the method of operation of the taxpayer, the trial court found:

"At all times after purchasing the Veterans Thrift Stores and during the taxable year involved, petitioner's 'primary, if not sole, activity' was that of operating said two stores. Such operation was conducted in the following manner. Solicitors employed by petitioner went from house to house in the residential areas of Salt Lake City and Ogden, asking the occupants for used clothing, furniture, and household appliances. When such used articles were received, they were taken to the stores, where the clothing was sorted into two groups—that which was salable as such, and that which was not. As regards those articles which were salable as clothing, employees of the petitioner put price tags thereon; and the same were then sold at retail to customers who came to the stores, as well as at wholesale to other secondhand stores. * * *" Veterans Foundation, 38 T.C. 66, 69.

[2]. Veterans Foundation v. United States, D.Utah, 178 F.Supp. 234, aff'd 10 Cir., 281 F.2d 912.

substantial contributions in cash and other property were made to the company by different community groups. These groups were not made up of shareholders as such, and the contributions were made for the purpose of inducing the Brown Shoe Company to locate or enlarge factories at certain places and operate them for a minimum time. It was held that, in determining the corporation's income tax, the contributed property should be accorded a basis for purposes of computing the deduction for depreciation. Following the Brown Shoe Co. decision Section 361(c) of the Internal Revenue Code of 1954, 26 U.S.C. § 362(c), was enacted.[3] The purpose of this section was to overcome the effect of the Brown Shoe Co. decision by providing that property, other than cash, which was contributed to the capital of a corporation by a non-stockholder should, for tax purposes, be accorded a zero basis.[4] Although the business of Veterans Foundation is different from that of the Brown Shoe Company, and the nature of the property donated is distinguishable, still the situations are analogous. This petitioner's income is computed and taxed in the same manner as that of the Brown Shoe Company. The decisive question is whether the donated property is to be characterized as gifts, the basis of which is controlled by the provisions of 26 U.S.C. § 1015(a), or as contributions to capital, which would have a zero basis under 26 U.S.C. § 362(c). We conclude that this is the type of case in which Congress intended 26 U.S.C. § 362(c) to govern. As the Supreme Court of Utah has so aptly said, " * * * the term 'capital' as applied to corporations generally including banking corporations, whether the term be regarded in a popular sense and in the common usage of the language or in a legal sense, embraces the actual estate including assets of the corporation, whether money or property owned by it, and whether represented by money paid in for shares of stock or other property acquired and owned by the corporation." Parkinson v. State Bank of Millard County, 84 Utah 278, 35 P.2d 814, 821, 94 A.L.R. 1112.[5] In this instance all of the profits of the corporation are attributable to the donated property, and it is clear that these donations constituted "capital" in the truest sense of the word. Under these circumstances, we are convinced that the Tax Court correctly determined that the statutory provision pertaining to contributions to capital should govern rather than the provision applicable to gifts.

Affirmed.

3. Section 362(c) of Title 26 U.S.C., provides:
   "Special rule for certain contributions to capital.—
   "(1) Property other than money.— Notwithstanding subsection (a) (2), if property other than money—
   "(A) is acquired by a corporation, on or after June 22, 1954, as a contribution to capital, and
   "(B) is not contributed by a shareholder as such, then the basis of such property shall be zero."

4. In referring to Section 362(c) (1), the House committee report stated:
   "Subsection (c) has no counterpart under existing law and provides rules respecting situations similar to that which have occurred in the decision in Brown Shoe Co. v. Commissioner (339 U.S. 583, 70 S.Ct. 820 [94 L.Ed. 1081]), where property was contributed to a corporation by persons other than its shareholders in their capacity as shareholders.
   "In such case, paragraph (1) of subsection (c) provides that if property, other than money, is acquired by a corporation after the date of enactment of this title as a contribution to capital and is not contributed by a shareholder as such, then the basis of such property shall be zero." H.R.Rep. No. 1337, 83rd Cong., 2d Sess. A 128 (1954); U.S.Code Congressional and Administrative News 1954, p. 4266.
   To the same effect is S.Rep. No. 1622, 83rd Cong., 2d Sess. 271–272. See also 3A Mertens, Federal Income Taxation §§ 21.133–21.134 (1958).

5. For other definitions and uses of the word "capital" see 12 C.J.S. Capital, p. 1121.