**Alice KESLER, Plaintiff and Respondent,**

v.

**Joseph KESLER and Calvin Kesler and Cox Construction Company, Defendants and Appellants.**

**No. 15173.**

Supreme Court of Utah.

July 31, 1978.

---

88

Dan S. Bushnell and Larry R. White, of Kirton, McConkie, Boyer & Boyle, Salt Lake City, for defendants and appellants.

Bryon L. Stubbs, Salt Lake City, for plaintiff and respondent.

1.  Rule 56(c), U.R.C.P., permits summary judgment only where there is no genuine issue as to

HALL, Justice:

Plaintiff and her husband, Otto Kesler, held certain real property in Cove Fort, Utah, as joint tenants, with right of survivorship. The property included a museum, service station, grocery store, and farm land, all of which was apparently operated as a family business. In 1966, Mr. Kesler died but the family venture continued much as it had previously, being operated mostly by defendants, Joseph and Calvin Kesler, sons of plaintiff and Otto Kesler. In 1972 plaintiff sued to quiet her title in the property and for an accounting, claiming that she had not received a fair share of the proceeds from the earnings of Cove Fort. In 1973 the district court rendered summary judgment ordering that plaintiff was entitled to possession and ownership, but reserving decision as to accounting. This was brought before this Court as an interlocutory appeal which was denied on May 24, 1973. Subsequently the trial court decided the accounting issues on March 29, 1977, deciding generally in favor of defendants but incorporating the earlier judgment as to ownership in the final decree. Defendants now appeal that part of the decision relating to property ownership.

The main thrust of defendants' arguments is that the property belonged to a partnership, i. e. certain members of the Kesler family. Defendants claim that there are issues of fact to be decided [1] and that because summary judgment is such a harsh remedy, the judgment should be reversed. They point to various conversations they had with their dead father and refer to testimony neighbors would provide to show that Mr. Kesler intended the property to go to certain of his children through the alleged partnership. The statements made by defendants in their depositions and those made by counsel in his proffer of proof do nothing to invalidate plaintiff's title under joint tenancy. The arguments might well have created an issue of material fact on

any material fact and that the moving party is entitled to a judgment as a matter of law.

the issue of the existence of a partnership (and relative interests therein), but that is not the focus of this lawsuit.[2]

That there existed no genuine issue of fact as to ownership of the property is typified by the following testimony of defendant Joseph Kesler:

Q. (D)o you own the property on which you farm and ranch?

A. No sir, but I've put my efforts in it, that property, ever since 1946.

    *     *     *     *     *     *

Q. Now, you raise hay and grain and feed on the property, on your mother's property at Cove Fort and also on your mother's property in Beaver County, is that correct?

A. That is when you (we) have water.

    *     *     *     *     *     *

Q. You raise hay and grain and feed produce on your mother's property in Cove Fort and in Beaver County and you raise hay and grain and farm produce on your properties both in Kanosh and elsewhere, do you keep a separate account of the feeds and the produce and the income from your mother's property as distinguished from your property?

A. It wouldn't be very hard to figure on a year like this, sir, there has been nothing.

    *     *     *     *     *     *

Q. So you do not attempt to make an accounting of the income and the expense on your mother's property as separate and distinguished from yours?

A. I wish I could, I'd give it to her right now.

In granting the summary judgment the court clearly considered the files and pleadings including the depositions of all of the parties and concluded that defendant's evidence did not present a valid challenge which could in any way overcome plaintiff's record title. Not only was plaintiff the record owner of the property, under the

deed of September 29, 1959, naming Otto Kesler and Alice Kesler joint tenants, but plaintiff was also decreed to be the lawful owner of the property by the probate of Otto Kesler's estate. Defendants did not object to that probate decree but rather, they executed an assignment to plaintiff of any interest they may have then had in the property.

There is no issue of fact as to property ownership and the lower court's decision is hereby affirmed. No costs awarded.

ELLETT, C. J., and CROCKETT, MAUGHAN and WILKINS, JJ., concur.

---

2. Where some of the facts are in dispute, summary judgment can properly be rendered against a defendant if, on the undisputed facts, he has no valid defense. *Disabled American Veterans v. Hendrixson,* 9 Utah 2d 152, 340 P.2d 416 (1959).