HEGLAR RANCH, INC., an Idaho Corporation, Plaintiff and Respondent,

v.

Leonard M. STILLMAN and Juanita P. Stillman, husband and wife, Defendants and Appellants.

No. 16830.

Supreme Court of Utah.

Nov. 12, 1980.

Robert R. Brown, Salt Lake City, for defendants and appellants.

George N. Larsen, James F. Shepherd, Salt Lake City, for plaintiff-respondent.

HALL, Justice:

Defendants appeal the summary judgment of the district court on a promissory note, contending that a factual issue was raised by their defense of duress which made summary judgment inappropriate.

Defendant Juanita Stillman contracted with plaintiff on May 12, 1978, to purchase certain land located in West Jordan, Utah. The purchase entailed plaintiff's acquisition of the subject land from one Rosella Woods by means of a land exchange. By the terms of the contract and escrow agreement executed by the parties, the purchase was to be closed the same day by payment over to the escrow agent of the full pur-

chase price of $704,000 in return for delivery of a warranty deed to the property.

There was a failure of performance on the part of defendant Juanita Stillman occasioned by her inability to secure the funds with which to pay the purchase price, and the escrow was therefore terminated. A short time thereafter, defendant Juanita Stillman advised plaintiff of the further prospect of financing and of her desire to reinstate the agreement. On June 21, 1978, plaintiff, through legal counsel, informed defendants of its willingness to reinstate the prior agreement, conditioned upon the execution by both defendants of two promissory notes in the amount of $25,000 each, one being the note that is the subject of this lawsuit, and the other payable to Rosella Woods. As a further condition of reinstatement, in the event defendant Juanita Stillman should again fail to perform by June 29, 1978, the agreement would again be terminated and the escrow documents, including the promissory notes, would be delivered to plaintiff as stipulated damages.

Defendants balked at the conditions imposed and sought to be relieved thereof by telephoning plaintiff's president, Mr. Max Gillette, who disclaimed any knowledge of the imposition of such conditions, but did agree to look into the matter.

Defendants' additional efforts to contact Gillette failed, and on June 23, 1978, they appeared in the office of the escrow agent with their own legal counsel, at which time they executed the supplemental escrow agreement, including the promissory notes, although they did so under protest.

Defendant Juanita Stillman again failed to pay over the purchase price, and this action on the note payable to plaintiff was instituted. Based on the pleadings, affidavits, depositions of the defendants, and other supporting documents, plaintiff's motion for summary judgment was granted by the trial court.

■ Summary judgment is appropriate if the pleadings and all other submissions[1] show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[2]

■ The foregoing rule does not preclude summary judgment simply whenever some fact remains in dispute, but only when a material fact is genuinely controverted.[3]

■ The rule regarding the avoidance of contractual obligations by reason of duress is as set forth in the case of *Fox v. Piercey*:[4]

... any wrongful act or threat which actually puts the victim in such fear as to compel him to act against his will constitutes duress.

Thus, to invalidate a contract, a party thereto must show (1) that the other contracting party committed a wrongful act (2) which put the initial party in fear (3) such as to compel him to act against his will.

■ Viewed in light of the above requirements, defendants' contention is wholly without merit that a material issue of fact has been raised, the resolution of which could constitute the defense of duress. Defendants have simply failed to in any way demonstrate how it was *wrongful* for plaintiff to follow the advice of counsel and thus impose conditions upon the reinstatement of the agreements, so as to insure against further financial loss in the event of a second failure to perform the contract. Moreover, defendants were not placed in such fear as would deprive them of their free will—by defendant Juanita Stillman's own admission, had they chosen to walk away from the negotiations, the only conse-

1. Including depositions, answers to interrogatories, admissions, affidavits, etc.

2. Rule 56(c), Rules of Civil Procedure.

3. *Kesler v. Kesler*, Utah, 583 P.2d 87 (1978), citing *Disabled American Veterans v. Hendrixson*, 9 Utah 2d 152, 340 P.2d 416 (1959).

4. 119 Utah 367, 227 P.2d 763 (1951).

quence thereof would have been the loss of whatever benefits the deal might have afforded them had it been closed. To label as "duress" such incentive to complete the transaction would have the effect of permitting any party to avoid a contractual obligation on the ground that performance was agreed to only because, in the absence of such a promise, the party would be denied the benefit of a bargain. Such a defense is entirely foreign to the established law of contracts.

Affirmed. Costs to plaintiff.

CROCKETT, C. J., WILKINS and STEWART, JJ., and R. L. TUCKETT, Retired Justice.

MAUGHAN, J., does not participate herein.