**2013 UT App 48**

# THE UTAH COURT OF APPEALS

JAY JENSEN; ELEANOR JENSEN; CHARLES WARD; KARMA WARD;
LAYNE BARNES; AND GAS BUSTERS, LLC,

*Plaintiffs and Appellants,*

*v.*

SKYPARK LANDOWNERS ASSOCIATION,

*Defendant and Appellee.*

Per Curiam Decision
No. 20110756-CA
Filed February 22, 2013

Second District, Farmington Department
The Honorable Thomas L. Kay
No. 080700167

Jerrald D. Conder, Attorney for Appellant
Donald J. Winder and John W. Holt, Attorneys for Appellee

Before JUDGES ORME, THORNE, and ROTH.

PER CURIAM:

¶1      Plaintiffs (collectively Jensen) appeal the entry of judgment in favor of Skypark Landowners Association (Skypark). Specifically, they challenge the trial court's grant of summary judgment in favor of Skypark, the denial of Jensen's motion for partial summary judgment, and the award of attorney fees incurred in the action. We affirm.

¶2      Jensen asserts that the trial court erred in granting summary judgment in favor of Skypark because there were genuine issues of material fact. We review a grant of summary judgment for

correctness. *See Eldridge v. Farnsworth*, 2007 UT App 243, ¶ 18, 166 P.3d 639. A motion for summary judgment must be supported with specific material facts as to which the moving party contends no genuine issue exists, and each fact must be supported with a citation to relevant materials. *See* Utah R. Civ. P. 7(c)(3)(A). For each fact that is controverted, the party opposing the motion must explain the grounds for dispute and support such dispute with citations to relevant materials. *See id.* R. 7(c)(3)(B). "Each fact set forth in the moving party's memorandum is deemed admitted for the purpose of summary judgment unless controverted by the responding party." *Id.* R. 7(c)(3)(A). Additionally, summary judgment is not precluded whenever some fact may be disputed, but "only when a material fact is genuinely controverted." *Heglar Ranch, Inc. v. Stillman*, 619 P.2d 1390, 1391 (Utah 1980).

¶3      The trial court determined that Jensen did not raise an issue of material fact sufficient to preclude summary judgment. We agree. In response to Skypark's motion, Jensen filed an opposition that did not controvert most of the facts asserted. Accordingly, those facts were deemed admitted. Additionally, the facts that were specifically listed were largely not controverted, but rather were explicitly admitted. For example, one of the specifically listed facts provided, "Plaintiffs do not dispute that Articles of Incorporation of [Skypark] were filed on November 10, 1998 but dispute the validity of said Articles as legally creating the Property Owners Association contemplated and as set forth in the 1979 Declarations." Despite the extra verbiage, the actual fact asserted by Skypark is admitted.

¶4      Furthermore, after review of the proceedings, it is apparent that the "dispute" asserted in response was not an issue properly before the trial court in the summary judgment posture. Skypark moved for summary judgment seeking dismissal of the claims asserted in the amended complaint. Those were the only claims before the court for disposition. The matter of whether Skypark was a valid organization formed under the governing 1979 Declarations was not a claim in the amended complaint but was

raised for the first time in response to the summary judgment motion.[1] Accordingly, the issue was not relevant to the matters on summary judgment and thus did not raise any material factual dispute regarding the claims before the trial court.[2] *See Eldridge*, 2007 UT App 243, ¶ 33. The trial court correctly declined to consider claims raised for the first time in response to a summary judgment motion. *See, e.g., id.* ¶ 40. Many of the other facts listed as disputed depend on similar challenges to the validity of Skypark and, therefore, also fail to establish a material issue of fact. Overall, Jensen did not raise an issue of fact sufficient to preclude summary judgment.[3]

---

1. In the response to Skypark's summary judgment motion, Jensen acknowledged that the 1979 Declarations were valid and enforceable. The complaint was premised on an assertion that the declarations were not valid. When that point was conceded, Jensen tried a new tack, challenging instead the organization of Skypark.

2. The main thrust of Jensen's response to the motion for summary judgment was in fact an assertion of a new claim that although the 1979 Declarations governing the development were valid, Skypark was not properly incorporated under those declarations and, thus, it could not assess landowners for maintenance fees. Jensen also filed a motion to amend the complaint to include the claim that Skypark was not the proper entity formed under the Declarations, understanding that the claim was not then at issue. The trial court denied the motion to amend. Jensen has not challenged the denial of the motion to amend. As a result, the issue of Skypark's validity as an organization is not within the scope of this appeal.

3. Jensen argues that the amounts of the assessments owed were sufficiently disputed. However, for two plaintiffs' assessments, the response asserted new claims that were not sufficient to create an issue of fact. On a motion for new trial, the other plaintiff obtained an evidentiary hearing to challenge the amount because the disputed fact was supported by documents showing some

(continued...)

¶5    On appeal, Jensen argues that the motion for summary judgment did not comply with rule 56 of the Utah Rules of Civil Procedure. However, Jensen did not raise any technical deficiency in response to the motion but asserted the argument for the first time in a motion for new trial. After hearing, the trial court denied the motion with one narrow exception, permitting Jay and Eleanor Jensen to challenge the amount of the assessment on their property. The denial of the motion for new trial has not been challenged on appeal. As a result, the issues raised therein are not within the scope of this appeal, and we do not address them. In sum, the trial court did not err in determining that no material issue of fact was established and that Skypark was entitled to judgment as a matter of law.

¶6    Next, Jensen argues that the trial court erred in denying a motion for partial summary judgment on three wrongful lien claims after the entry of summary judgment dismissing the remaining causes of action. After permitting yet another hearing on the matter, the trial court clarified that all claims including the wrongful lien claims were fully disposed of when the court entered its order in January 2011 granting summary judgment in Skypark's favor. Although Jensen asserts that the January order was not sufficiently clear, the order and the attached bench ruling establish that no claim survived Skypark's motion for summary judgment. Skypark's motion sought the dismissal of all claims and the motion was granted without reservation. Accordingly, the trial court did not err in denying Jensen's later motion for summary judgment because there was no claim pending for further consideration.[4]

_____

3. (...continued)
payments made. Thus, relief on that narrow issue was granted and that particular defect cured.

4. Jensen asserts that the arguments raised in the motion for summary judgment had not been determined by the court. However, the arguments pertained to no pending claims because

(continued...)

¶7      Finally, Jensen argues that the trial court erred in awarding attorney fees. Jensen acknowledges that there is a contractual basis for awarding fees but asserts that the fee provision applies only to fees incurred in lien foreclosure actions. Jensen's conclusory assertion that attorney fees may be assessed only for lien foreclosure is not sufficient to persuade this court that attorney fees are not contractually allowed in this case. Jensen undertakes no analysis of the whole of the provision to show that attorney fees are limited to such a narrow circumstance, particularly in light of language that appears to permit suits in law or equity to enforce payment of liens. In appeals, the burden of persuasion falls squarely on an appellant, in this case Jensen. *See State v. Robison*, 2006 UT 65, ¶ 21, 147 P.3d 448. Jensen has not carried this burden. Accordingly, we affirm the trial court's award of attorney fees in favor of Skypark.

¶8      Affirmed.[5]

---

4. (...continued)

the entire complaint had been dismissed. Furthermore, to the extent that Jensen now argues that the January 2011 order granting summary judgment was vague and ambiguous, those arguments are waived because there was no objection to the form of order. *See 438 Main St. v. Easy Heat, Inc.*, 2004 UT 72, ¶ 51, 99 P.3d 801.

5. To the extent Jensen has raised other arguments, we have determined them to be without merit and do not address them further. *See State v. Carter*, 776 P.2d 886, 888 (Utah 1989).