2017 UT App 4

# THE UTAH COURT OF APPEALS

RALPH MINGOLELLO,
Appellant,
*v.*
MEGAPLEX THEATERS,
Appellee.

Memorandum Decision
No. 20150914-CA
Filed January 6, 2017

Fifth District Court, St. George Department
The Honorable Jeffrey C. Wilcox
No. 140500180

Douglas D. Terry and Trevor D. Terry, Attorneys
for Appellant

Geoffrey C. Haslam, Kristen C. Kiburtz, and Jeremy
S. Stuart, Attorneys for Appellee

JUDGE KATE A. TOOMEY authored this Memorandum Decision, in
which JUDGES J. FREDERIC VOROS JR. and JILL M. POHLMAN
concurred.

TOOMEY, Judge:

¶1    Ralph Mingolello appeals the district court's grant of
summary judgment in favor of Megaplex Theaters. We affirm.

¶2    Mingolello and his stepson attended an afternoon matinee
at Megaplex Theaters (Megaplex) in January 2013. They arrived
about ten minutes early and were some of the first people in the
theater. Choosing seats in the back, they waited for the feature to
begin as more people arrived. Half an hour into the movie,
Mingolello got up to leave for a few minutes. As he descended
the stairs, he slipped on a small, camouflage-patterned
flashlight. Mingolello was injured and taken to the hospital in an

ambulance. Neither Mingolello nor his stepson knew how the flashlight came to be on the stairs or how long it had been there. The manager had never seen the flashlight before; Megaplex only used flashlights that were large and black or made from blue-colored plastic. The manager had inspected the theater earlier that morning and did not see the flashlight.

¶3    The manager testified that she inspected the theater at 10:30 a.m. and that her inspection occurred thirty minutes before the accident. She also testified she believed the movie began around 11:30 a.m. Mingolello maintains the movie began at 3:00 p.m.

¶4    Mingolello sued Megaplex, and the district court ultimately granted summary judgment in Megaplex's favor. Mingolello appeals.

¶5    Mingolello contends the district court erred in granting Megaplex's motion for summary judgment because there is a genuine issue of material fact and Megaplex was therefore not entitled to judgment as a matter of law. He argues there is a dispute "as to when the theater was inspected in relation to the time of the accident."

¶6    We review a district court's ruling on a motion for summary judgment for correctness. *Prince, Yeates & Geldzahler v. Young*, 2004 UT 26, ¶ 10, 94 P.3d 179. A court may grant summary judgment when "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Utah R. Civ. P. 56(a). When reviewing a district court's grant of summary judgment, we view all facts and reasonable inferences in a light most favorable to the nonmoving party. *Surety Underwriters v. E & C Trucking, Inc.*, 2000 UT 71, ¶ 15, 10 P.3d 338.

¶7    A business owner has a "duty to use reasonable care to maintain the floor of his establishment in a reasonably safe

condition for his patrons." *Jex v. JRA, Inc.*, 2008 UT 67, ¶ 25, 196 P.3d 576 (citation and internal quotation marks omitted). There are generally two types of premises liability cases, "those involving temporary conditions and those involving permanent conditions." *Price v. Smith's Food & Drug Centers, Inc.*, 2011 UT App 66, ¶ 9, 252 P.3d 365. Mingolello concedes the incident in this case involved a temporary condition. He also acknowledges that Megaplex did not have actual notice of the condition. Mingolello must therefore show that Megaplex had "constructive knowledge [of the temporary condition] because the condition had existed long enough that [Megaplex] should have discovered it" and that after obtaining such knowledge, "sufficient time elapsed that in the exercise of reasonable care [Megaplex] should have remedied it."[1] *See Jex*, 2008 UT 67, ¶ 16 (citation and internal quotation marks omitted). A court may impute constructive notice only "when there is some evidence of the length of time the debris has been on the floor." *Id.* ¶ 19.

¶8     Mingolello has provided no evidence regarding when the flashlight came to be on the stairs in relation to the accident. Instead, he claims there is a dispute over the amount of time between the manager's inspection and the accident. The manager testified she inspected the theater at 10:30 a.m. She also testified her inspection was half an hour before the accident, but Mingolello testified the accident occurred after 3:00 p.m. Mingolello argues this discrepancy demonstrates there were up to four and a half hours the flashlight *could have been* on the floor. He concludes the grant of summary judgment was in error

---

1. In *Jex v. JRA, Inc.*, 2008 UT 67, 196 P.3d 576, the Utah Supreme Court also noted that if the temporary condition was created by the defendant or his agents or employees, then this notice requirement does not apply. *Id.* ¶ 16. Mingolello does not argue Megaplex caused the flashlight to be on the floor, and we do not address this issue further.

because the jury should have been allowed to determine whether the length of time between the inspection and the accident constituted a breach of duty. But summary judgment is not precluded "simply whenever some fact remains in dispute." *Heglar Ranch, Inc. v. Stillman*, 619 P.2d 1390, 1391 (Utah 1980). Rather, the factual dispute must be "material to [the] resolution of the underlying legal issue." *See Wilberg v. Hyatt*, 2012 UT App 233, ¶ 16, 285 P.3d 1249.

¶9     The dispute regarding the inspection time of the theater is not material to the resolution of the underlying legal issue in this case. *Jex* requires that a plaintiff "present evidence that would show that . . . [the temporary condition] had been [on the floor] for an appreciable time." *See* 2008 UT 67, ¶ 19 (omission in original) (citation and internal quotation marks omitted). Though there was some inconsistency in the testimonies, Mingolello has not presented any evidence about how the flashlight came to be on the floor or how long it might have been on the floor before the accident. Mingolello conceded that neither he nor his stepson knew to whom the flashlight belonged, when it was dropped, or how long it was on the floor. Given this lack of evidence, there was no way to determine whether "the condition had existed long enough that [Megaplex] should have discovered it" or whether "sufficient time elapsed that in the exercise of reasonable care [Megaplex] should have remedied it." *See id.* ¶ 16 (citation and internal quotation marks omitted). Mingolello was required to make this showing; a jury cannot speculate whether there was a breach of duty based only on evidence of a lapse of time between an inspection and an accident. *See Orvis v. Johnson*, 2008 UT 2, ¶ 18, 177 P.3d 600 (requiring the moving party to show that there is no genuine issue of material fact where the nonmoving party will bear the burden of proof at trial, but "[u]pon such a showing," "the burden then shifts to the nonmoving party, who . . . must set forth specific facts showing that there is a genuine issue for trial"(emphasis, citation, and internal quotation marks omitted)).

¶10    Sometimes, however, evidence of an inspection can help determine how long a temporary condition existed. In *Price v. Smith's Food & Drug Centers, Inc.*, 2011 UT App 66, 252 P.3d 365, a plaintiff used inspections to help demonstrate how long a puddle of water had remained on a grocery store floor. There, the plaintiff slipped on water that a visitor had spilled on the store floor. *Id.* ¶¶ 1, 14. The plaintiff presented evidence the visitor left by 5:00 p.m., and the floor inspections that took place at 4:50 p.m. and 5:12 p.m. did not reveal the water. *Id.* ¶¶ 4, 14. The plaintiff testified she slipped between 5:00 p.m. and 5:20 p.m. *Id.* The evidence of the floor inspections helped narrow the possible amount of time the water was on the floor to a period of between ten to twenty-two minutes. *Id.* ¶ 17. Though the decision was a close call, this court determined the plaintiff had shown some evidence of the length of time the water was on the floor and reversed the grant of summary judgment. *Id.* ¶¶ 17, 19.

¶11    Unlike the plaintiff in *Price*, Mingolello did not provide any additional evidence that helps narrow the time frame the flashlight was on the stairway. Viewing the facts in the light most favorable to Mingolello—and therefore assuming the inspection took place at 10:30 a.m. as the manager testified, and the accident occurred after 3:00 p.m. as Mingolello testified, there was as much as a four-and-a-half-hour gap between the inspection and the accident. But Mingolello pointed to no evidence that would suggest how long the flashlight had actually been on the floor before the accident, and so there is no way to determine whether the flashlight was on the floor for hours or only seconds before he slipped on it.

¶12    Mingolello provided no evidence that demonstrates "how the [flashlight] got onto the floor, by whom it was deposited, exactly when it arrived there or that the defendant had knowledge of its presence." *See Lindsay v. Eccles Hotel Co.*, 284 P.2d 477, 478 (Utah 1955). There is no basis for the jury to determine the amount of time the flashlight was on the floor

before the accident, and Mingolello would be unable to establish "that a temporary condition existed long enough to give [Megaplex] constructive notice of it." *See Jex v. JRA, Inc.*, 2008 UT 67, ¶ 19, 196 P.3d 576. Mingolello has not shown that a genuine issue of material fact exists with respect to the element of constructive notice. We therefore affirm the district court's grant of summary judgment in favor of Megaplex.

————